James Pender *v.* George Raggs, James Ramsden and George P. Kretz, Kaskel Solomon and Charles Ruben, trading as Solomon & Ruben, Appellants.

| 178 | 337 |
| 211 | 132 |
| 178 | 337 |
| f214 | 469 |

*Negligence—Interference by owner with work of independent contractor —Contributory negligence.*

In an action to recover damages for personal injuries it appeared that the defendants, the owners of a building, had entered into a contract with a builder for certain alterations and improvements on the building. The contractor was to have entire charge of the work with a condition that the defendants' business should be interfered with as little as possible. Plaintiff was a workman employed by subcontractors. In the course of the work it became necessary to build a stack near a wall. The defendants forbade the wall to be taken down, and the evidence was conflicting as to whether the work could have been done without the removal of the wall. In making an excavation the wall fell, and plaintiff was injured. The evidence was conflicting as to whether the dangerous character of the wall was open and obvious, and the court submitted the question of contributory negligence to the jury. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 27, 1896. Appeal, No. 23, Oct. T., 1896, by defendants, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1892, No. 213, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL JJ. Affirmed.

Trespass for personal injuries. Before KENNEDY, P. J.

The facts appear by the charge of the court.

When George P. Kretz was on the stand plaintiff offered to prove by him that the specifications required that Ruben, one of the defendants, was to be allowed to occupy the two stores that he occupied to carry on his business until the two stores next to the Duquesne Bank could be made ready to be occupied by him while the building was being erected; that the two stores next to the Duquesne Bank were two new stores to be built and not two stores standing.

Defendants objected to the offer as incompetent, that the language in the specifications speaks for itself, and it is not for the witness to construe that language, but for the judge.

Objection overruled.   Exception allowed and bill sealed.

Mr. Kretz testified as follows :

" The specifications by the two stores next to the Duquesne ·
Bank mean that I was to erect them so Mr. Ruben could occupy
them temporarily as a lower floor to carry on his . business for
a specified time set there." [13]

The court charged the jury in part as follows :

It seems that about the first of April, 1892, these defendants,
Solomon & Ruben, owning or controlling a large lot of ground
on the corner of Smithfield street and Diamond alley, in this
city, fronting one hundred and sixty feet on Smithfield street
and running along Diamond street ninety feet, desired to erect
a new building thereon, and made a contract with one George
P. Kretz for the removal of the old buildings on the lot and the
erection of the new one.   Mr. Kretz sublet the contract for the
removal of the old buildings to Ramsden & Raggs.   Both of
these contracts, that is, the contract between Solomon & Ruben
and Kretz, and the contract of Kretz with Ramsden & Raggs
were in writing, but with the contract between Kretz and Rams-
den & Raggs you have no concern.   The contract between Solo-
mon & Ruben and Kretz, as I have told you, was in writing,
and is what was called an independent contract, that is, under
this contract for the removal of the old buildings and the erec-
tion of the new one Mr. Kretz was an independent contractor.
This is one of the questions of law which you have heard dis-
cussed, and I instruct you that so far as this contract is con-
cerned it was an independent one, and Mr. Kretz was an
independent contractor.   And if the work had been done under
that contract without any interference, which I will hereafter ex-
plain to you, on the part of Solomon & Ruben, the defendants,
there would be no liability upon their part to the plaintiff in
this case, and there could be no recovery here.

So that leads us to the first question of fact for you to deter-
mine; was there interference here, such interference on the part
of the defendants, Solomon & Ruben, in this work as would
render them liable for the damages resulting from this accident
to the plaintiff?   In order to entitle the plaintiff to recover from
these defendants he must satisfy you that there was such inter-
ference on the part of the defendants, Solomon & Ruben, that

amounted to an assumption by them of the direction and control of the work. You have heard the discussion of the contract, that there were certain reservations made to Solomon & Ruben. For instance, they reserved the right to occupy the store that they were in at the time of the execution of the contract, which was about the middle of the lot, for a certain length of time, and afterwards to occupy temporarily the two stores on the lower end of the lot next to the Duquesne Bank, and that the contractor, Kretz, was to interfere with them and their business as little as possible in the prosecution of his work under the contract. But that, gentlemen, was not such a reservation to Solomon & Ruben as would take from this contract its character as an independent one. I so instruct you. But as I have said to you, and that you will bear in mind, in order to entitle the plaintiff to recover damages at all in this case, he must satisfy you that there was such interference on the part of Solomon & Ruben as amounted to an assumption of the control and direction of the work done under the contract.

The plaintiff claims that after the work had been prosecuted to a certain extent, and Solomon & Ruben had moved into the two stores next to the Duquesne Bank, and were occupying them, that part of the work to be done there was the erection of a stack in the neighborhood of this wall which fell subsequently, and that, in the work of the digging of the hole for the erection of the stack, Solomon & Ruben interfered to such an extent as amounted to an assumption upon their part of the direction and control of the work, in that, they prevented the contractor, Kretz, and his subcontractors, from removing the wall which was within a few feet of this hole that was being made for the foundation for the stack; and that that wall was dangerous in its character, and fell into the hole, and the man was injured thereby. For these injuries he now seeks compensation from the defendants, claiming that the accident occurred through their negligence ; that they, by their interference with the contractor and subcontractors, assumed such control and direction of the work as to make them liable in this action. The plaintiff claims that they positively prohibited the contractor, Kretz, from taking down this wall. You will observe, as I have stated, that they were to be allowed to occupy these two stores temporarily, and were to be interfered with as little as possible in

their occupation of those stores in their business, and they had a right to require these contractors to act in a reasonable manner in the prosecution of their work. But the plaintiff claims that the only reasonable and proper mode of performing this work was to tear down this wall which you have heard described as dangerous, and that when the contractor and his subcontractors attempted to tear it down that they were interfered with and positively prevented from doing so by the defendants. [If you are satisfied that that was done by these defendants, that they did interfere and prevent the contractor or his subcontractor from removing this wall, and that there was no other safe way of prosecuting the work than by the removal of the wall, and that they not only prevented the contractors from so doing, but assumed the control and the direction of the work, then they would be liable in this action to the plaintiff provided the plaintiff was not guilty of contributory negligence,] [11] the discussion of which question I will come to hereafter.

The defendants claim that it was not necessary to take down this wall, that it could have been braced in some way on the inside without its removal, that it would have made it perfectly safe, and that that was a reasonable way to do it; if it was, the contractors should have adopted that mode of doing it. The contention of the plaintiff is that the only proper mode of doing it was by the entire removal of the wall. The defendants claim that it might have been done in the other manner. And if it is so, if it could have been done reasonably in the other way, as claimed by the defendants, then it was the duty of the contractor and subcontractors to do it and avoid the interference that the removal of the wall would have done to the defendants.

[The defendants claim further and argue to you that if you believe the statements of certain of the witnesses on the part of the plaintiff himself, then he was guilty of contributory negligence ; if he was, then he cannot recover in this action—that is a principle of law which you will bear in mind. If the plaintiff was guilty of any contributory negligence, negligence that contributed in any way to the accident that produced the injuries, he is not entitled to recover. And those statements are that the wall was so obviously dangerous that he could not help observing the danger himself; that he was bound to observe the danger from the condition of the wall as testified to by some

of the witnesses for the plaintiff. If that is true, gentlemen, if the statement as to the condition of this wall, that it was so dangerous, or the danger from it was obvious to every one, then the plaintiff would be bound to notice it and he worked there at his own peril—he would be guilty of contributory negligence and could not recover. But the plaintiff claims that the danger was not obvious or manifest to him—so plainly to be seen that he was bound to observe it and avoid the danger.] [12] That, then, is the second question of fact for you to determine, and before you can find a verdict here in favor of the plaintiff for anything you must answer both of these questions that I have stated to you in favor of the plaintiff; that is, you must find that there was such an interference with this work on the part of the defendants that it amounted to an assumption of the control and the direction of the work by them. And you must find also that the plaintiff was not guilty of any contributory negligence, any negligence upon his part contributing in any way to the accident complained of.

Verdict and judgment for plaintiff for $1,250. Defendants appealed.

*Errors assigned* among others were (11–12) above instructions, quoting them.

*W. B. Rodgers* with him *Joseph Stadtfeld*, for appellants, cited, Diehl v. Iron Co., 140 Pa. 496; Pollock on Torts, 640.

*John O. Petty*, with him *Kennedy T. Friend*, for appellee, cited: Gilbert v. Beach, 16 N. Y. 608; Hefferman v. Benkard, 1 Robt. 432; Jones v. Charitry, 4 N. Y. S. C. (T. & C.) 63; Hydraulic Works Co. v. Orr, 83 Pa. 332; Schilling v. Abernathy, 112 Pa. 437; Johnston v. Ott Brothers, 155 Pa. 17; Marble v. Worcester, 4 Gray, 395; Bunting v. Hogsett, 139 Pa. 375; Burrell Twp. v. Uncapher, 117 Pa. 353.

PER CURIAM, November 9, 1896:

Plaintiff's right to recover in this case depended on questions of fact which were for the exclusive consideration of the jury; and they were accordingly submitted to them by the learned president of the common pleas with full, clear, well guarded

and accurate instructions, under which they rendered a verdict that has impliedly settled every material question of fact in plaintiff's favor. There appears to be no error in any of the court's rulings or instructions. The case was ably and accurately tried and the judgment entered on the verdict should not be disturbed.

Judgment affirmed.