Weldon, Appellant, *v.* Steiner et al.

Argued October 17, 1939.

*David Kanner,* with him *Edward Rudnick,* for appellant.

*Samuel Kagle,* for appellee.

OPINION BY PARKER, J., December 14, 1939:

In this action in trespass the plaintiff obtained the verdict of a jury against both defendants and the court

below thereafter entered judgment n. o. v. for defendant, Paul Steiner, on the ground that John Marback, the other defendant, was an independent contractor and therefore was alone liable for the injuries inflicted upon the plaintiff. We are all of the opinion that judgment should not have been entered for Steiner.

We will refer to the pertinent evidence, viewing it in a light most favorable to plaintiff, as we are required to do. Paul Steiner engaged John Marback to erect a large sign over the entrance to premises at the southeast corner of 11th Street and Girard Avenue, Philadelphia, of which premises Steiner was at the time in the exclusive control. The evidence indicates that Marback was engaged in and skilled in the trade of erecting signs and that he undertook this erection at its beginning as an independent contractor. If that relation had continued, without interference by the employer, Steiner would not have been liable for the damages inflicted.

Marback employed a helper who assisted him in the erection of the sign. The task was not completed the first day and when work was resumed on the second day the velocity of the wind had increased to such an extent that Marback advised Steiner that it "was very windy and it would not be safe to proceed with the work," whereupon Steiner insisted that the work be finished at once as it was interfering with his business and he offered, in order to expedite the completion of the undertaking, to assist in the work by himself and by his own employees. One ladder had been placed against the building on which Marback was standing, and it became necessary to place a second ladder against the building. Marback's helper was engaged in fastening the second ladder with a rope so that it would not be blown down, when the wind blew the ladder over in such a manner that it struck and injured the plaintiff, a pedestrian who was passing on the sidewalk. Steiner and his employees did assist in the erection by helping

to pull up the sign and in actual manipulation of the ladder.

As we have heretofore indicated, if Steiner had not interfered in the performance of the contract Marback would alone have been liable. Mr. Justice MAXEY, in the cases of *Silveus v. Grossman,* 307 Pa. 272, 276, 278, 161 A. 362, and *Fuller v. Palazzolo,* 329 Pa. 93, 105, 197 A. 225, has carefully analyzed the basis of liability for acts of agents depending upon whether the relation of master and servant or that of employer and independent contractor exists. It is there pointed out that if a man of average prudence engages another to do a piece of lawful work and has "a care that the man so engaged is fitted for his tasks and when thus reasonably assured he engages him as an individual contractor he should not be held responsible for the negligence of the contractor and the latter's workmen ...... The very phrase 'independent contractor' implies that the contractor is independent in the manner of doing the work contracted for."

"The basic question involved in determining whether the relationship of independent contractor or that of master and servant exists is, who has control over the *means* of conducting and performing the work. If the owner ...... has the right to direct both what work shall be done and the way and manner in which it shall be done, then the relation of master and servant exists": *Tyler v. McFadden Newspapers Corp.,* 107 Pa. Superior Ct. 166, 171, 163 A. 79. Also, see *Eckert v. Merchants' Shipbuilding Corp.,* 280 Pa. 340, 349, 124 A. 477. In numerous cases it has been made plain that the incident of responsibility may be affected by the interference of the employer in the execution of the contract. In *Heidenwag v. Phila.,* 168 Pa. 72, 78, 31 A. 1063, when the general rule as to liability of employers is stated it is in this form: "Defendants, *not personally interfering or giving directions respecting the progress of a work,* but contracting with a third person to do it, are

not responsible for a wrongful act done, or negligence in the performance of the contract, if the act agreed to be done is legal." (Italics supplied.)

This principle in broader terms is thus stated: "The employer of an independent contractor is subject to the same liability for bodily harm caused by an act or omission committed by the contractor pursuant to the orders or directions negligently given by the employer, as though the act or omission were that of the employer himself": Restatement, Torts, §410.

Applying the law to the facts we find that Marback, whom the appellee described as an "experienced and competent sign builder," with fifteen or twenty years' experience, advised Steiner, the employer, that it was then too windy to continue work, but Steiner insisted that notwithstanding the apparent danger the work should be speeded up and gave his assistance in so doing. As a result the wind did cause the ladder to fall and plaintiff was injured. In the face of expert advice which Steiner had paid for, he *negligently* gave the order to proceed, for he knew, or should have known, that it involved the unreasonable risk of causing bodily harm to others. The sign was being placed and the ladder was being used on a public thoroughfare and this should have required additional caution before incurring the risk. Where an employer has been informed of a risk which the contractor has discovered and the employer requires the contractor to carry out his original orders, if a reasonable man would conclude that such risk would be incurred, the employer becomes responsible with the contractor for the proximate result of such negligence.

In *Pender v. Raggs,* 178 Pa. 337, 35 A. 1135, the relation of independent contractor existed at the inception of a work. If there had been no interference there would have been no liability on the part of the employer. The contractor advised the owner that before a foundation was made for a stack and the ground ex-

cavated, a wall should be removed, and if this was not done there would be danger of the wall falling in the hole. The employer insisted that the work proceed without removing the wall. The wall fell in the hole and it was held that the alleged negligence of the employer presented a question for a jury, and a judgment for the plaintiff against the employer was sustained.

"Where an accident is caused by the active participation or instrumentality of a third party, a common law liability exists as to that party": *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 297, 153 A. 424. Also, see *Reynolds v. Braithwaite,* 131 Pa. 416, 422, 18 A. 1110. It has also been held by the same course of reasoning that where the act which causes the injury is one which the contractor was employed to do and the injury results not from the manner of doing the work but from doing it at all, the employer is liable for the acts of his independent contractor: *Foehr v. N. Y. Short Line R. R. Co.,* 40 Pa. Superior Ct. 7, 18. President Judge RICE in that case said: "Having regard to sound principle, the same rule must be held to apply where the injury results from the doing of the work in the manner expressed in the contract, or directed by the employer or by one acting for him who has authority under the contract to direct it." Also, see *Norris v. Phila.,* 49 Pa. Superior Ct. 641; note to *Thomas v. Harrington,* 65 L. R. A. 742.

Judgment of the court below is reversed and it is directed that judgment be entered on the verdict of the jury.