Charles A. MILLER, Plaintiff-Appellee,

v.

B. F. GOODRICH COMPANY, a corporation, Defendant-Appellant.

No. 13312.

United States Court of Appeals
Seventh Circuit.

Nov. 2, 1961.

---

Louis F. Knoblock, Knoblock & Ott, Peoria, Ill., for appellant.

Lester Berry Smith, Peoria, Ill., Robert C. Strodel, Peoria, Ill., of counsel, for appellee.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for damages for personal injuries suffered by plaintiff on September 30, 1958. Jurisdiction is based on diversity of citizenship.

Plaintiff had been a painter for more than fifty years. In September 1958, he was employed by the Melvin Dragoo Painting Company of Peoria, Illinois. Defendant Goodrich Company contracted with Dragoo to paint certain portions of a building and other structures and certain machinery in what was known as the Henry General Chemical plant.

On September 30, 1958, plaintiff was painting some machinery located between floors. He was working on a ladder about fifteen feet in length. It was the top half of an extension ladder and was not equipped with safety shoes. The floor at the place where the ladder was erected was constructed from cement and was smooth. Witnesses referred to it as "slick." It was customary to frequently clean the floor in this building by flushing water over it from a hose.

The painting work at defendant's plant was under the immediate supervision of defendant's employee, Earl W. Wilson, who acted as the foreman of the painting crew at defendant's request.

Although Dragoo furnished some ladders for the job, Wilson advised several painters where they could find ladders including extension ladders. The ladder from which plaintiff fell was obtained from a pile of ladders owned by defendant Goodrich and located in a shed on the premises.

The alleged liability in this case is based upon Chapter 48, Secs. 60 and 69 of the Illinois Revised Statutes (1957), the Structural Work Act, more commonly known as the "Scaffold Act." [1]

---

1. Sec. 60. " * * * all scaffolds, hoists, cranes, stays, ladders * * * erected * * * by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any * * * building * * * shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon * * *."

Sec. 69. "Any owner, contractor, subcontractor, foreman or other person having charge of the erection, construction, repairing, alteration, removal or painting of any building * * * or other structure within the provisions of this act, shall comply with all the terms thereof, and any such owner, contractor, subcontractor, foreman or other person violating any of the provisions of this act shall upon conviction thereof be fined not less than $25, nor more than $500 or imprisoned for not less than three months

Defendant argues it did not have charge of or control over the plaintiff in the manner in which he was to perform his painting duties. Defendant argues further that the recent opinion of the Illinois Supreme Court in Gannon v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co., 22 Ill.2d 305, 175 N.E.2d 785 has changed the previous case law under the Illinois Scaffold Act.

A trial was had to a jury which returned a verdict in favor of plaintiff in the sum of $22,000. The District Court entered judgment for the plaintiff on the verdict and this appeal followed.

Defendant insists the Gannon case overrules previous decisions of the Illinois Supreme Court in Scaffold Act cases and, in particular, Kennerly v. Shell Oil Co., 13 Ill.2d 431, 150 N.E.2d 134. We think this statement is too broadly stated. The holding in the Gannon case interprets sec. 69 of the Act as imposing liability upon the owner where he has charge of the work. Gannon states, 22 Ill.2d at page 321, 175 N.E.2d at page 793 "Wilful violations * * * can be perpetrated only by persons directly connected with the operation, and not by virtue of mere ownership of the premises."

The Gannon case is authority for a definition of an owner's liability under the Act which negates any concept of liability merely because an injury occurred on the owner's property. It is argued that this is contrary to the holding in Kennerly. If so, to this extent the Gannon case probably overrules Kennerly.

There is an abundance of evidence in this record to show that defendant was in control and supervision of the plaintiff and the Dragoo painting crew. It was the defendant who demanded of the painting contractor that defendant be permitted to furnish all supervisory personnel on the painting job.

Earl Wilson, an employee of defendant, who acted as foreman of the painting crew, told the painters what ladders to use. He was charged by defendant to make known to the painters the plant safety standards. The Dragoo painters had no foreman on the job from among themselves. Wilson told the painters what to paint, what kind of paint to use and how to prepare the area to be painted. Indeed, Wilson testified that he directed plaintiff to paint the hopper area where the accident occurred, and also instructed as to the color of paint to be used.

We hold defendant's control of the painting work as shown in this record is more than sufficient to satisfy the requirements of the Illinois Supreme Court in the Gannon decision, and defendant's contentions in respect thereto must be overruled.

Defendant next contends there is no showing of any wilful violation of the Act on its part. The word "wilful" in the Illinois Scaffold Act was construed in Kennerly v. Shell Oil Co., supra, where the Court said, 13 Ill.2d at page 439, 150 N.E.2d at page 139: "The word 'willfully' is synonymous with 'knowingly,' and to constitute a willful violation of the statute it is not necessary that there should have been 'a reckless disregard' of its provisions. The employer is liable not only when the dangerous conditions are known to him, but also when by the exercise of reasonable care the existence of such dangerous conditions could have been discovered and become known to him." There is nothing in the Gannon case which would modify or change this definition. The jury was justified in finding a wilful violation.

Defendant complains of certain instructions given. We have carefully examined same. The instructions are to be considered as a whole. We do not find any of them prejudicial to the defendant.

Judgment affirmed.

nor more than two years or both fined and imprisoned in the discretion of the court. * * * For any injury to person or property, occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby. * * *"