Margaret **GASPARD** and Roger V. Montgomery, Jr., Appellants,

v.

John L. **COX**, Appellee.

No. 6792.

Court of Civil Appeals of Texas, El Paso.

June 6, 1979.

Rehearing Denied July 18, 1979.

Kronzer, Abraham & Watkins, W. James Kronzer, Houston, Bill McCoy, Odessa, Wayne B. Barfield, Amarillo, Law Offices of Moore & Cunningham, Inc., James D. Cunningham, Odessa, for appellants.

Rassman, Gunter & Boldrick, Emil C. Rassman, John E. Gunter, Midland, for appellee.

McMahon, Cox, Todd, Tidwell & Locke, Jack Q. Tidwell, Odessa, for intervenor, Argonaut Ins. Co.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

The sole question involved in this appeal is the vicarious liability of one who employs an independent contractor for injuries suffered by an employee of the independent contractor where such injuries are caused by the negligence of the independent contractor and his employee. The trial Court, based on a jury verdict, rendered judgment for the employer. We affirm.

This suit is a consolidation of a personal injury and a wrongful death action brought by an employee of a drilling company and a surviving wife of another employee of the drilling company against the Appellee, John L. Cox, an independent oil operator. The workmen's compensation insurance carrier for the drilling company intervened in the suit. The jury found that the Plaintiffs had suffered losses of $160,000.00 and $250,-000.00, respectively, and that the drilling company was 75% negligent; its employee, the driller, was 25% negligent; and the Defendant/Appellee was guilty of no negligence. On that verdict, the trial Court entered a judgment that the Plaintiffs take nothing.

The Appellee, John Cox, employed the FWA Drilling Company to drill a well on which this accident occurred, and the parties stipulated that FWA was an independent contractor, and that the four men on duty at the time of the accident were acting in the course and scope of their employment with FWA. It is also undisputed that John L. Cox had no representative or agent present at the time of the accident. FWA had been drilling for Cox for about twelve years, and the accident on this well arose following cementing operations to set the casing. As in other wells drilled by FWA for Cox, the instructions of Cox to the cementing company were to use crude oil as a displacement fluid to bump the plug down after cementing. The displacement fluid is placed in the casing under great pressure and that pressure is maintained for six to eight hours until the cement sets. On the day in question, the 11:00 o'clock P.M. to 7:00 o'clock A.M. shift on the well consisted of driller Bill Adams and three crew members, Roger Montgomery, Bill Ridling and Roy Gaspard. At 3:00 o'clock A.M., after the cement in the casing had set up, the crew prepared to cut the casing off so that the drilling rig could be moved off the well location. Adams mistakenly thought that the previous crew had already released the pressure on the casing because he saw the pressure hose that is used for that purpose lying on its side on the rig platform. When the men began cutting the pipe, there was a rupture and a fire, and all three crew men were badly burned. For those injuries and for the death of Gaspard, this action was brought against the owner, John L. Cox.

The Appellants' sole point of error is that the trial Court erred in granting judgment for Appellee Cox because the jury verdict established the vicarious liability of the Appellee under Section 416 of the Restatement of Torts 2d (1965). We sustain the judgment of the trial Court for two reasons. First, because we are of the opinion that Section 416 has no application here because it is not a situation covered by it and secondly, under Texas law the employer's duty in situations like this is to the general public and not to the employees of the independent contractor.

The general rule is that an employer or contractee is not liable for the torts of an independent contractor or of the latter's servants. *Cameron Mill & Elevator Co. v. Anderson*, 98 Tex. 156, 81 S.W. 282 (1904); *Loyd v. Herrington*, 143 Tex. 135, 182 S.W.2d 1003 (1944); 41 Am.Jur.2d Independent Contractors sec. 24 at 774.

There are exceptions to this general rule, and an important one is where the work is inherently dangerous. We call particular attention to this exception of inherently dangerous because some of the arguments presented here seem to stem from that, yet that is not in this case. There is no contention that the work here involved was inherently dangerous and no issue was submitted to the jury on it. Appellants' sole reliance is under Section 416, Restatement of Torts 2d (1965). The inherently dangerous doctrine is covered by Section 427 of the Restatement.

Section 416 is another exception to the general rule that the employer is not liable for the torts of the independent contractor. Its provisions are: "One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise." Since the Restatement of Torts is not the law unless adopted by the courts of Texas, the first question raised is whether Section 416 has been so adopted. We have determined that it is not necessary for this Court to decide that question since we are of the opinion that this case does not fall within the provisions of Section 416. Since that section is not applicable to this case, it matters not to our decision whether it is the law of Texas or not. In *Brownsville & Matamoros Bridge Company v. Null,* 578 S.W.2d 774 (Tex.Civ.App.—Corpus Christi 1978, no writ), the same conclusion was reached.

As an exception to the general rule, Section 416 says that the employer must still be liable if the work is likely to be dangerous in the absence of special precautions. It must be a situation where during the progress of the work—that is, its normal progress as programmed—it will become dangerous unless something additional is done; some special precautions above and beyond the actual performance of the work is called for. In other words, the requirement is that something affirmative must be done to prevent the work from becoming dangerous to others.

█ We do not have such a situation here. Nothing is required in addition to the doing of the job normally. The normal method of doing the work is to bleed off the pressure when the cement has set. Then the casing is cut off some 18″ above the ground so that the rig can be moved. The cutting of the casing is not by torch but by "casing cutters" which are disc blades clamped to the casing and rotated around it. This is what the FWA crew was doing at the time of the fire. It was an operation they had performed on some 300 to 500 other wells, and one crew member said it was a routine job if done properly. Cutting the casing after the pressure has been bled off presents no peculiar risk of physical harm to others. This accident occurred when the driller failed to bleed off the pressure prior to the casing cutting. "No recovery may be allowed for an injury resulting from an act or fault purely collateral to the work and which arises entirely from the wrongful act of the independent contractor or his employees. *Loyd v. Herrington,* supra [143 Tex. 135, 182 S.W.2d] p. 1005; *Brownsville Navigation Dist. v. Valley Ice & Fuel Co.,* 313 S.W.2d 104 (Tex.Civ. App.—San Antonio 1958, no writ). . . ;" *Goolsby v. Kenney,* 545 S.W.2d 591 (Tex. Civ.App.—Tyler 1976, writ ref'd n. r. e.).

█ We have concluded that Section 416 of the Restatement of Torts is not applicable to this case. Additionally, it must be held that even if it were applicable, its coverage would not extent to employees of the independent contractor. While there are conflicts in other jurisdictions, it is well settled in Texas that the rule that an employer of an independent contractor is liable to third persons for negligence of the contractor in the performance of work inherently dangerous does not extend to the employees of the independent contractor. *Humble Oil & Refining Co. v. Bell,* 180

S.W.2d 970 (Tex.Civ.App.—El Paso 1943), writ ref'd w. o. m., 142 Tex. 645, 181 S.W.2d 569; *Nance Exploration Company v. Texas Employers' Insurance Association*, 305 S.W.2d 621 (Tex.Civ.App.—El Paso 1957, writ ref'd n. r. e.), cert. denied, 358 U.S. 908, 79 S.Ct. 235, 3 L.Ed.2d 229; *Cagle v. McQueen*, 200 F.2d 186 (5th Cir. Tex.1952), cert. denied, 346 U.S. 815, 74 S.Ct. 25, 98 L.Ed. 342; *Union Tank & Supply Co. v. Kelley*, 167 F.2d 811 (5th Cir. Tex.1948), cert. denied, 335 U.S. 827, 69 S.Ct. 54, 93 L.Ed. 381, rehearing denied, 335 U.S. 888, 69 S.Ct. 232, 93 L.Ed. 427.

By analogy, we conclude that the same rule should apply to a Section 416 exception to the general rule.

The judgment of the trial Court is affirmed.