George E. GRAY, Appellant,

v.

**BAKER & TAYLOR DRILLING COMPANY, Appellee.**

No. 9084.

Court of Civil Appeals of Texas, Amarillo.

On Motion for Rehearing June 25, 1980.

Second Rehearing Denied July 30, 1980.

Lemon, Close, Atkinson, Shearer & McCutcheon, Otis C. Shearer, Booker, for appellant.

Gibson, Ochsner & Adkins, Michael C. Musick and Thomas C. Riney, Amarillo, for appellee.

## ON MOTION FOR REHEARING

DODSON, Justice.

We withdraw our former opinion handed down on 30 April 1980, and substitute this one in its place which reaches the same result. The motion for rehearing is overruled.

George E. Gray is the appellant and Baker & Taylor Drilling Company, a corporation, is the appellee. On the occasion in question, Gray was employed by J. D. Hodges Trucking Co., Inc., as a truck driver. Baker & Taylor hired Hodges to haul some five and one-half inch casing pipe from Baker & Taylor's yard in Canadian, Texas to a drilling rig in that vicinity. The temperature was below 32 degrees and ice was on the ground, the roads and the pipe. Hodges' employees used Baker & Taylor's fork-lift to load the pipe onto Hodges' truck. During the process of loading the truck, several joints of pipe fell from the truck and injured Gray.

Gray brought this action against Baker & Taylor to recover damages resulting from injuries sustained in the accident. He alleges that Baker & Taylor committed actionable negligence by requesting Hodges to haul the pipe during the icy weather conditions and by furnishing the fork-lift to load the pipe onto Hodges' truck during such weather. After Gray rested and the parties offered no further evidence, Baker & Taylor made a motion for directed verdict. The trial court granted the motion and rendered a take-nothing judgment upon Gray's action against Baker & Taylor. Gray appeals from this judgment. In affirming the judgment, we determine that under the circumstances of this case, Gray as an employee of Hodges, the independent contractor, failed to establish actionable negligence against Baker & Taylor, the contractee.

On appeal, Gray maintains that the trial court erred in granting Baker & Taylor's motion for directed verdict because there is a fact issue of actionable negligence on the part of Baker & Taylor. In this connection, it is well settled in negligence cases that the plaintiff has the burden of establishing each of the three essential elements of actionable negligence. The elements are a legal duty owed by one person to another, a breach of that duty and damages proximately resulting from such breach. *See, e. g., Abalos v. Oil Development Co.*, 544 S.W.2d 627, 631 (Tex.1976); *Coleman v. Hudson Gas and Oil Corp.*, 455 S.W.2d 701, 702 (Tex.1970); *Frontier Theatres Inc. v. Brown*, 362 S.W.2d 360, 369 (Tex.Civ.App.—El Paso 1962), *rev'd on other grounds*, 369 S.W.2d 299 (1963). The existence of a legal duty under a given statement of facts and circumstances is essentially a question of law for the court. *See Abalos v. Oil Development Co., supra,* at 631; *Jackson v. Associated Developers of Lubbock*, 581 S.W.2d 208, 212 (Tex.Civ.App.—Amarillo 1979, writ ref'd n. r. e.); *Webb v. City of Lubbock*, 380 S.W.2d 135, 136 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.); *Frontier Theatres Inc. v. Brown, supra,* at 369.

In determining the legal sufficiency of the evidence to support the submission of an actionable negligence issue, we must review the evidence and all reasonable inferences therefrom in the light most favorable for the submission of the issues and disregard any evidence contrary thereto. Nevertheless, evidence of probative force must exist to support the submission of the issue. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951); *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059, 1063 (1898). Probative evidence serves to prove the asserted proposition and it must be more than a surmise or suspicion. In *Joske v. Irvine, supra,* 44 S.W. at 1063, the court stated:

From a careful examination of the cases, it appears (1) that it is the duty of

the court to instruct a verdict, though there be *slight testimony*, if its probative force be so weak that it only raises a *mere surmise or suspicion* of the existence of the fact sought to be established, *such testimony, in legal contemplation, falling short of being "any evidence"*; and (2) that *it is the duty of the court* to determine whether the testimony has more than that degree of probative force (emphasis added).

By definition, a surmise is a "thought or idea based on scanty evidence", "a guess", "conjecture", or "to infer on slight grounds". Webster's New International Dictionary 2538 (2d ed. 1939).

Applying the above principles to the case before us, the essential inquiry is whether there is any evidence of probative force to establish that on the occasion in question, Baker & Taylor, an employer-contractee owed a legal duty to Gray, an employee of Hodges, the contractor. In this connection, the uncontroverted evidence shows that Baker & Taylor requested J. D. Hodges Trucking Co. to haul the pipe on the occasion in question; that Baker & Taylor was a good customer of Hodges; that V. J. McNeese, Hodges' truck pusher, had the authority to accept or reject the employment from Baker & Taylor; that Hodges was responsible for loading the pipe; that on the occasion in question, the oil field well servicing industry was just beginning to use a fork-lift to load pipe; that Hodges' truck pusher, McNeese, had an option to use the fork-lift or gin poles and a wench line to load the pipe; and that McNeese, made the decision to use the fork-lift which Baker & Taylor furnished.

The evidence further shows that the use of the fork-lift was safer than the use of the gin poles and a wench line, and that inclement weather conditions seldom, if ever, stopped the progress of work in the oil field servicing industry. An employee of Baker & Taylor operated the fork-lift when the first layers of pipe were placed on the truck, but an employee of Hodges replaced Baker & Taylor's employee in operating the fork-lift and at the time the accident occurred, the fork-lift was operated by an employee of Hodges. The accident occurred when Hodges' employees were attempting to place the last layers of pipe onto the truck, and Gray was in charge of, responsible for and in control of loading the pipe onto the truck he drove for Hodges. Gray was injured when the pipe fell from his truck. Furthermore, Hodges failed to provide another employee to help Gray place the pipe onto the truck. The evidence also shows that the fork-lift was not defective and that the manner in which the fork-lift was operated during the loading operation was not a cause of the accident.

In support of his position, Gray argues that Baker & Taylor owed him a legal duty because under the prevailing weather conditions on the occasion in question, loading pipe with a fork-lift rather than with gin poles and a wench line was an inherently dangerous activity. He further argues that by requiring the work to be performed on the day in question and by requiring the work to be performed with a fork-lift, Baker & Taylor exercised control over the details of the work. By the last stated argument, Gray, in essence, maintains that Hodges was not an independent contractor.

In support of his arguments, Gray relies on *Sun Oil Co. v. Kneten*, 164 F.2d 806 (5th Cir. 1947) and *Hamilton v. Fant*, 422 S.W.2d 495 (Tex.Civ.App.—Austin 1967, no writ), as well as numerous other cases from outside jurisdictions and certain sections from the Restatement of Torts.[1] The decisions of

1. *Miller v. B. F. Goodrich Co.*, 295 F.2d 667, 669 (7th Cir. 1961); *International Agricultural Corp. v. Slappey*, 261 F. 279, 281–82 (5th Cir. 1919); *Hobbs v. Mobil Oil Corp.*, 445 P.2d 933, 934–35 (Alaska 1968); *Miller v. DeWitt*, 37 Ill.2d 273, 226 N.E.2d 630, 638 (1967); *Faren v. Sellers*, 39 La.Ann. 1011, 3 So. 363, 367 (1887); *Bergquist v. Penterman*, 46 N.J.Super. 74, 134 A.2d 20, 26 (App. Div. 1957); *DeArman v. Popps*, 75 N.M. 39, 400 P.2d 215, 217–21 (1965); *Shepler v. Weyerhaeuser Co.*, 279 Or. 477, 569 P.2d 1040, 1054 (1977); *McGrath v. Pennsylvania Sugar Co.*, 282 Pa. 265, 127 A. 780, 782 (1925); *Weldon v. Steiner*, 138 Pa.Super. 66, 10 A.2d 19, 21 (1939); *Kelley v. Howard S. Wright Construction Co.*, 90 Wash.2d 323, 582 P.2d 500, 503–05 (1978); *Locicero v. Interpace Corp.*, 83 Wis.2d 876, 266 N.W.2d 423, 426 (1978); Restatement (Second) of Torts §§ 409, 410 (1965).

the courts in these cases and the textual material deal with situations in which the employer-contractee retained or exercised control over the details of the performance of the work, or hired an independent contractor to perform a non-delegable duty or failed to provide the independent contractor a safe place to work. Under the circumstances before us, we do not consider these cases or the textual material controlling in this instance.

Generally speaking, an inherently or intrinsically dangerous undertaking is one which inheres in the performance of the contract and results directly from the work to be done, not from the collateral negligence of the contractor. *See Loyd v. Herrington*, 143 Tex. 135, 182 S.W.2d 1003, 1004–05 (1944); 41 Am.Jur.2d *Independent Contractors* § 41 (1969). Furthermore, in general, when an employer-contractee hires an independent contractor to perform inherently or intrinsically dangerous work or activity, then under some circumstances, the employer may be liable to third parties for damages resulting from injuries which are proximately caused by the inherently or intrinsically dangerous work. *See Loyd v. Herrington, supra*, 182 S.W.2d at 1004–05. In Texas, however, an employee of the independent contractor is not a third party within the rule. Thus, the employer's liability does not extend to employees of the independent contractor. *See Nance Exploration Co. v. Texas Employers' Insurance Ass'n*, 305 S.W.2d 621, 628 (Tex.Civ.App.— El Paso 1957, writ ref'd n. r. e.); *Humble Oil & Refining Co. v. Bell*, 180 S.W.2d 970, 975 (Tex.Civ.App.—El Paso), *writ ref'd*, 142 Tex. 645, 181 S.W.2d 569 (1944). Nevertheless, we recognize that an exception has been grafted into the rule when the employer-contractee exercises control over and directs the details of the performance of the inherently dangerous work. *See Sun Oil Co. v. Kneten, supra*, at 809; *Hamilton v. Fant, supra*, at 501–02.

Applying these principles to the case before us, we must conclude that the work was not inherently dangerous. Assuming arguendo that such work was inherently dangerous, then there is less than a scintilla of evidence that Baker & Taylor exercised the requisite control over the loading operation to preclude Hodges from the legal position of an independent contractor on the occasion in question; and that Baker & Taylor owed Gray no legal duty to refrain from requesting Hodges to do the work or refrain from furnishing Hodges the forklift to use in loading pipe. *See Continental Insurance Co. v. Wolford*, 526 S.W.2d 539, 541–42 (Tex.1975); *Anchor Casualty Co. v. Hartsfield*, 390 S.W.2d 469, 471 (Tex.1965); *J. A. Robinson & Sons, Inc. v. Ellis*, 412 S.W.2d 728, 735 (Tex.Civ.App.—Amarillo 1967, writ ref'd n. r. e.); *Allen v. Texas Electric Service Co.*, 350 S.W.2d 866, 868 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.).

In summary, we overrule Mr. Gray's point of error. Accordingly, the judgment of the trial court is affirmed.