J-A04002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JILL A. COTTONE, ADMINISTRATRIX OF THE ESTATE OF RICHARD C. COTTONE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 173 MDA 2025 |
| GARTH P. WARFEL, BETSY TORO, WARFEL ROOFING AND GENERAL CONTRACTING, WARFEL ROOFING AND GENERAL CONTRACTING, LLC., CHAD M. HOWARD, RICK'S HOME IMPROVEMENTS | : | |

Appeal from the Order Entered January 21, 2025
In the Court of Common Pleas of York County
Civil Division at No(s):  2021-SU-000684

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MARCH 25, 2026**

Jill A. Cottone, Administratrix of the Estate of Richard C. Cottone ("Appellant") appeals from the order granting summary judgment in favor of Chad M. Howard, d/b/a Rick's Home Improvements ("Howard").[1] Appellant contends that the trial court erred in granting summary judgment as Howard

---

[1] The original Plaintiffs/Appellants were Jill and Richard Cottone. However, a suggestion of death as to Richard Cottone was filed on January 15, 2026, and on January 23, 2026, Jill Cottone, as Administratrix of the Estate of Richard Cottone, was substituted as Appellant on her application.

owed a duty of safety on the jobsite to Richard Cottone ("Cottone"). After careful review, we affirm.

The trial court set forth the relevant factual and procedural history:

### BACKGROUND

The underpinning of this civil action emanates from an incident that occurred on June 1, 2020, when Cottone fell from a roof at the home of Jeremy Neff located along Constitution Ave. in Spring Grove, PA. Howard owns and operates a roofing company under the registered fictitious name of Rick's Home Improvements. Neff and Howard had entered into a roofing contract to repair Neff's roof, where Cottone was working as a subcontractor for Warfel [R]oofing to whom Howard had subbed the roofing work.

Howard filed the pending motion contending he should not be responsible for the injuries of someone working for a subcontractor. Cottone argues that Howard took on a greater role and responsibility for his safety by entering into the roofing contract with Neff which states that, "Rick's Home Improvement (Howard) will maintain a safe and clean environment at all times."

### CHRONOLOGY OF THE CASE

1) Plaintiffs commenced this action by filing a complaint against Howard on July 10, 2022[.] Howard filed an answer to the complaint with new matter on September 8, 2022, and Plaintiffs filed a reply to the new matter on September 9, 2022.

2) On August 10, 2022, a stipulated order was entered establishing that Cottone was not an employee of any defendant on the date of his injury, but rather was working at the worksite as an independent contractor when the accident occurred.

3) On October 31, 2022, [the trial court] entered an order consolidat[ing] this case with [the case against Garth Warfel, Betsy Toro, Warfel Roofing and General Contracting, Warfel Roofing and General Contracting, LLC.] for purposes of discovery and trial … .

4) On May 16, 2024, Plaintiffs filed an amended complaint against Howard and the other defendants, with another round of responsive pleadings having ensued.

5) On June 17, 2024, Howard filed the pending motion for summary judgment[,] a brief in support being filed on June 10, 2024. Plaintiffs filed an answer to the motion along with a memorandum in support on July 8, 2024, to which Howard filed a reply brief on July 18, 2024.

Opinion in Support of Order Granting Summary Judgment, 1/13/25, at 1-2 (unnecessary capitalization omitted).

The trial court granted Howard's motion for summary judgment on January 13, 2025. Plaintiffs filed a motion to amend the January 13, 2025, order to include a determination of finality pursuant to Pa.R.A.P. 341(c) because they had settled and entered a joint tortfeasor release with Garth Warfel, Betsy Toro, Warfel Roofing and General Contracting, Warfel Roofing and General Contracting, LLC ("Warfel"). The court granted the motion and filed an amended order granting summary judgment and found that an immediate appeal would facilitate resolution of the entire case pursuant to Pa.R.A.P. 341(c). Plaintiffs timely appealed and complied with the court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The trial court authored its opinion on April 4, 2025. *See* Pa.R.A.P. 1925(a).

Appellant's claims all focus on whether Howard owed a duty of care to Cottone. We will therefore address the claims together. We begin with our well-established standard and scope of review:

In reviewing a grant of summary judgment, this Court's standard of review is *de novo* and our scope of review is plenary. A trial

court should grant summary judgment only in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the nonmoving party. The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt. An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion.

***L.T. by and Through Copenhaver v. Kubota Manufacturing of America Corporation***, 332 A.3d 47, 55 (Pa. Super. 2025) (citation omitted).

Cottone sued Howard under a theory of negligence. The following elements are required to establish a claim of negligence: "(1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss of damage resulting to the plaintiff." ***Farabaugh v. Pennsylvania Turnpike Com'n***, 911 A.2d 1264, 1272-73 (Pa. 2006) (citation omitted). The trial court found Howard did not owe Cottone a duty of care and therefore summary judgment was proper. We agree with the trial court.

Appellant argues Howard owed Cottone a duty of care for two main reasons: (1) the contract between the homeowner and Howard (not including Cottone) stated that Howard would maintain a safe and clean work environment and Cottone is a foreseeable third party to this contract; and (2)

Howard retained control over the jobsite thereby imposing a duty upon Howard. *See* Appellant's Brief, at 16, 19-20, 25-27, 30-33, 49-53.

Generally, the employer of an independent contractor is not liable for harm caused by the negligence of the contractor or its employees. ***See Beil v. Telesis Const., Inc.***, 11 A.3d 456, 466 (Pa. 2011). As the Pennsylvania Supreme Court explained:

> For over 100 years, the accepted and general rule regarding liability in our Commonwealth has been that a landowner who engages an independent contractor is not responsible for the acts or omissions of such independent contractor or his employees. ***See Pender v. Raggs***, [] 35 A. 1135 ([Pa.] 1896); ***Hager v. Coplay Cement Mfg. Co.***, [] 189 A.2d 271 ([Pa.] 1963); Restatement (Second) of Torts § 409 ("[T]he employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants."). This foundational law is based upon the long-standing notion that one is not vicariously liable for the negligence of an independent contractor, because engaging an independent contractor "implies that the contract is independent in the manner of doing the work contracted for. How can the other party control the contractor who is engaged to do the work, and who presumably knows more about doing it than the man who by contract authorized him to do it? Responsibility goes with authority." ***Silveus v. Grossman***, [] 161 A. 362, 364 ([Pa.] 1932).
>
> This general rule against property owner liability is subject to a number of exceptions.

***Id.***

The Pennsylvania Supreme Court has permitted safety obligations within contracts to trigger a duty:

> Generally, a party to a contract does not become liable for a breach thereof to one who is not a party thereto. However, a party to a contract by the very nature of his contractual undertaking may place himself in such a position that the law will impose upon

him a duty to perform his contractual undertaking in such a manner that third persons—strangers to the contract—will not be injured thereby. It is not the contract *per se* which creates the duty; it is the law which imposed the duty because of the nature of the undertaking in the contract.

***Farabaugh v. Pennsylvania Turnpike Com'n***, 911 A.2d 1264, 1283 (Pa. 2006) (citations omitted).

Appellant argues ***Farabaugh*** controls the decision here because Howard had a contract with the homeowner to complete the project that included a provision that Howard would maintain a safe and clean work environment. ***See*** Appellant's Brief, at 25-26. Appellant's reliance on ***Farabaugh*** is misplaced as the factual basis for the Court to impose liability in ***Farabaugh*** is distinguishable from the facts herein.

In ***Farabaugh***, the Pennsylvania Turnpike Commission ("PTC") hired Trumbull as a construction manager. ***See Farabaugh***, 911 A.2d at 1268. Within the contract between PTC and Trumbull, the Court found "Trumbull was paid to assume an active role in assuring safety on the worksite, agreeing to 'develop, implement, maintain and monitor a comprehensive project safety/insurance program.'" ***Id.*** at 1282. The Court compared the contract in ***Farabaugh*** with their prior decision in ***Marshall v. Port Auth. Of Allegheny County***, 568 A.2d 931 (Pa. 1990). ***See id.*** at 1281-82. The Court found the contract in ***Marshall*** assumed only a passive role in safety precautions and therefore did not owe a duty to the worker who was injured. ***See id.*** at 1282.

The distinction is telling: if a party takes an active role, such as agreeing to create and maintain a comprehensive safety program, then there is a duty to workers injured on the jobsite that were not a party to the contract. If, however, there was only a passive role that does not include any duty to inspect or maintain a safe environment, then there is no duty imposed. We find, as did the trial court, that the contract between the homeowner and Howard did not create an active duty and was merely a passive role of jobsite safety. As such, it did not create a duty between Howard and Cottone.

The contract stated, "Rick's Home Improvement (Howard) will maintain a safe and clean environment at all times." Contract, 9/5/19, at 2. This contract did not include any other provisions as to what requirements would meet the "safe" environment standard. Unlike the contract in **Farabaugh**, Howard was not required to "develop, implement, maintain and monitor" the safety of the jobsite. **Farabaugh**, 911 A.2d at 1282. This contract is more akin to the contract in **Marshall**, where only a passive role on safety was imposed and it provided Howard the ability to stop work if he felt it was not a safe environment. **See Marshall**, 568 A.2d at 936 ("The determinative question is not, however, whether Baker *could* have acted to prevent the instant accident, but rather whether it had a *duty* to do so.") (emphasis in original); **Farabaugh**, 911 A.2d at 1182. Appellant's claim to the contrary therefore fails.

Appellant further argues Howard maintained control over the jobsite such that a duty must be imposed. *See* Appellant's Brief, at 49. Appellant asserts, because Howard provided Warfel with the materials to do the job and told him what needed to be done, he retained the control necessary to impose a duty. *See id.* at 50-51. We disagree.

As noted above, the standard rule is that an employer of an independent contractor is not liable for harm caused by the independent contractor. *See Beil*, 11 A.3d at 466. There are a few exceptions to this rule.

> [O]ne such exception to the general rule [that] impos[es] liability on the premises owner [is] when the owner retains control over the manner in which the work is done. As set forth in the Restatement, the "retained control exception" provides:
>
> > One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.
>
> Restatement (Second) of Torts § 414.
>
> The primary question in many premises cases, as is the issue before us, is whether the property owner hirer of the independent contractor retained sufficient control of the work to be legally responsible for the harm to the plaintiff. Comment c to Section 414 provides the most commonly used test for determining whether an employer/landowner retained sufficient control. More precisely, comment c speaks to the degree of control necessary for the exception to overcome the general rule against liability. Comment c makes manifest that the right of control must go beyond a general right to order, inspect, make suggestions, or prescribe alterations or deviations, but that there must be such a retention of the right of supervision that it renders the contractor not entirely free to do the work his own way:

In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. **Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.**

Restatement (Second) of Torts § 414, cmt. c (emphasis added)[.] The control required to implicate the exception to the general rule against liability can be demonstrated in two ways. First, a plaintiff may point to contractual provisions giving the premises owner control over the manner, method, and operative details of the work. Alternatively, the plaintiff may demonstrate that the land owner exercised actual control over the work. As a general proposition, the question of the quantum of retained control necessary to make the owner of the premises liable is a question for the jury. When, however, the evidence fails to establish the requisite retained control, the determination of liability may be made as a matter of law. Finally, our Commonwealth's case law has construed this exception narrowly. ***See, e.g., Farabaugh; [] see also Warnick v. The Home Depot U.S.A., Inc.***, 516 F.Supp.2d 459, 468 (E.D.Pa. 2007) (opining that a "long line of Pennsylvania cases has construed this exception narrowly, almost always finding that the hiring party did not exercise sufficient control over the contractor to impose liability on the hiring party for the contractor's employee's injury.").

*Id.* at 466-67 (emphasis in original, some citations omitted).

Appellant claims that because Howard told Warfel what work had to be done, he retained sufficient control. ***See*** Appellant's Brief, at 50-51. However, Appellant does not assert, nor can we find any evidence, that Howard told

Warfel or his employees **how** to do the work. Howard did not control the "manner, method and operative details of the work." **Beil**, 11 A.3d at 467. As the Pennsylvania Supreme Court has observed, "Directing a contractor what to do is not the same as directing a contractor how to do it." **Id.** at 470 (citation and emphasis omitted). The contract between Howard and the homeowner did not specify how the work would be completed. Howard was not at the jobsite while the work was being done and there was no evidence Howard controlled the manner in which the work was completed. There is no evidence that Howard was involved at all in the removal and installation of the new roof.

The Pennsylvania Supreme Court put it best when it held: "Logically, safety responsibility best rests on the subcontractor doing the work, for that party is most familiar with the work and its particular hazards." **Leonard v. Commonwealth, Dep't of Transp.**, 771 a.2d 1238, 1242 (Pa. 2001). Howard subcontracted the work out to Warfel, who hired Cottone as the subcontractor most familiar with the work to be done. As such, the trial court did not err in granting summary judgment in favor of Howard.[2]

Order affirmed.

---

[2] We note that Howard asserts Appellant waived the claims for failing to preserve them below. **See** Appellee's Brief, at 16-34. Based upon our decision above, we decline to address the waiver argument.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/25/2026