# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00282-CV

**Benny Formby and Pat Waggoner d/b/a L. G. Electronics, Appellants**

**v.**

**Kendall Henderson d/b/a Pickup Heaven and Mark Camp, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN0-00087, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

Benny Formby and Pat Waggoner d/b/a L.G. Electronics (L.G. Electronics), plaintiffs in the underlying personal injury action, appeal from take-nothing summary judgments rendered in favor of Kendall Henderson d/b/a Pickup Heaven (Pickup Heaven) and Mark Camp.[1] Raising three issues, Formby and L.G. Electronics appeal contending that the district court erred (1) in determining that Pickup Heaven and Camp owed no duty to appellants (2) because fact issues precluded a finding that appellees were not negligent as a matter of law and (3) because arguments that Formby was comparatively or contributorily negligent have no bearing on whether appellees were not negligent as a matter of law. We will reverse the summary judgments and remand the cause to the district court for further proceedings.

---

[1] The district court severed Pickup Heaven's and Camp's remaining counterclaims against Formby and L.G. Electronics, rendering the summary judgments final for appellate purposes.

**Background**

Mark Camp is an employee of Pickup Heaven. Benny Formby is a welder for L.G. Electronics. On December 22, 1998, Camp contacted L.G. Electronics seeking welding services for a 150 gallon aluminum storage tank that had been used for storing diesel fuel. He was told that Formby could weld the fuel tank after it was flushed out properly.

Camp brought the fuel storage tank in to L.G. Electronics. Camp asked Formby why another employee was getting a pallet jack. Formby told Camp they were getting the jack to take the tank to an area where they could flush it out. Camp informed Formby that the tank had already been flushed. Formby asked Camp again if the tank had been flushed; Camp said, "yes." When the other employee returned with the pallet jack he also asked Camp if the tank had been flushed and Camp responded, "yes." Formby, a welder for approximately forty years, understood Camp's three statements that the tank had been flushed to mean that the tank was ready for welding. Rather than taking the tank to the flushing area, Formby took it to the welding booth.[2] When Formby started welding, the tank exploded, causing him serious personal injuries and causing property damage to L.G. Electronics.

Formby and L.G. Electronics filed suit initially against Pickup Heaven contending that it breached the duty of ordinary care owed to Formby in that Pickup Heaven knew or should have known that the condition of the fuel storage tank created an unreasonable risk of harm to Formby and further that the failure to exercise ordinary care was the direct and proximate cause of the injuries and

---

[2]  Camp did not inform L.G. Electronics that he had the day before rinsed out the fuel storage tank with water. Other summary judgment proof, presented by an expert's affidavit, was that in preparing a fuel storage tank for welding, the tank should be flushed with Argon or some other type of inert gas to rid the space inside the tank of oxygen.

damages suffered by Formby. Pickup Heaven answered the suit, filed a counterclaim, and moved for summary judgment contending that it owed Formby and L.G. Electronics no duty of care as a matter of law. Pickup Heaven submitted as summary-judgment proof excerpts from Formby's and Camp's depositions. Formby and L.G. Electronics responded to Pickup Heaven's summary-judgment motion and also submitted portions of Formby's and Camp's depositions as summary-judgment proof. Pickup Heaven amended its answer and affirmatively pleaded that Formby's and L.G. Electronics's damages were caused by their own contributory negligence. Additionally, Pickup Heaven filed a cross-action seeking contribution from L.G. Electronics should it be found liable.

Formby and L.G. Electronics then amended their petition and named Camp as an additional defendant. They contended that Camp, who was himself a certified welder, knew or should have known that the fuel storage tank had not been adequately prepared for welding, but failed to advise Formby of the tank's condition. Also, they contended that Camp negligently used the term "flushed" because that term is commonly understood within the welding industry to mean that a tank has been prepared for welding. Under these circumstances, they contended Formby reasonably relied upon Camp's representations, which proximately and directly caused Formby's injuries and L.G. Electronics's property damage. Additionally, they alleged that at the very least Camp was negligent in making representations to Formby that the fuel storage tank had been "flushed." They further alleged a respondeat superior cause of action against Pickup Heaven. Finally, they alleged that Pickup Heaven was negligent in failing to supervise and train its employees about fuel storage tanks and the preparations and precautions necessary before such tanks may be welded, in failing to implement such pre-welding procedures, and by not requiring its employees to advise contractors of the measures that had been taken in this regard.

After Formby and L.G. Electronics amended their petition, Pickup Heaven did not amend or supplement their motion for summary judgment to address any of the additional negligence claims raised in the amended petition. The court then granted Pickup Heaven's motion for summary judgment and ordered that Formby and L.G. Electronics take nothing on their claims against Pickup Heaven. This left Formby's newly raised claims against Camp pending.

Camp then filed a motion for summary judgment contending that because he owed no duty to Formby or L.G. Electronics as a matter of law he had disproved an essential element of Formby's negligent misrepresentation claim. Alternatively, Camp asserted that as a matter of law his representations as a customer to a certified welder that a fuel storage tank has been flushed before it was to be welded did not give rise to a negligence cause of action. Camp submitted as summary-judgment proof portions of Formby's and Camp's depositions and an affidavit from his expert witness Skot Ingram, the owner of a steel fabrication company. Ingram stated that Formby should have inquired about what Camp did to flush the tank.

Formby and L.G. Electronics responded to Camp's motion for summary judgment and submitted portions of Formby's and Camp's affidavits and an affidavit from Ted Liles, a certified welding instructor, whom they designated as an expert. Liles stated in his affidavit that "flushed" is a term of art in the welding industry and that if a welder is told that a fuel tank has been flushed, the welder could reasonably assume that the tank is ready for welding. In their response, Formby and L.G. Electronics contended that Camp had negligently misrepresented the condition of the tank by stating that it had been "flushed" and that issues of fact remain for the finder of fact to determine regarding a claim for negligent misrepresentation. Following a hearing, the district court granted Camp's motion for summary judgment and ruled that Formby and L.G. Electronics take nothing on their claims.

4

## Discussion

The standards for reviewing a summary judgment are well established. The propriety of a summary judgment is a question of law. *See Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). We review the district court's decision de novo to determine whether Pickup Heaven and Camp were entitled to judgment as a matter of law. *See id.*; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The party moving for a traditional summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nixon*, 690 S.W.2d at 548. A defendant moving for summary judgment must either conclusively disprove an element of the plaintiff's claim or conclusively prove all elements of its affirmative defense. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). We review the summary-judgment proof indulging every reasonable inference in favor of the nonmovant and resolving all doubts against the movant. *KPMG*, 988 S.W.2d at 748.

Formby and L.G. Electronics alleged that Pickup Heaven and Camp had a duty to use reasonable care in representing the condition of the fuel storage tank that they brought to Formby and L.G. Electronics for welding; that they breached this duty when Camp stated that the tank had been flushed, using a term of art in the welding profession. To recover for negligent misrepresentation, a plaintiff must prove that (1) the defendant made the representation in the course of business or in a transaction in which it has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by

5

justifiably relying on the representation. *See Federal Land Bank Assoc. v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); Restatement (Second) of Torts § 552 (1977).

Camp contends that he told Formby only that the tank had been flushed. Further, Camp asserts that his statements were not representations to Formby about the condition or preparation of the fuel storage tank for welding. Camp contends that if indeed his statements were representations about the condition of the fuel tank they were "vague statement[s] which had nothing to do with preparation of the tank for welding in the first place."

In support of the summary judgments, Camp and Pickup Heaven rely on premises liability cases and contend that Formby and L.G. Electronics had the exclusive right of control over the fuel storage tank once Camp delivered the tank to L.G. Electronics. *See Abalos v. Oil Dev. Co.*, 544 S.W.2d 627, 631 (Tex. 1976) (entire operation was under independent contractor's control and property owner owed no duty to independent contractor); *Campbell v. Adventist Health System/Sunbelt, Inc.*, 946 S.W.2d 617, 624 (Tex. App.—Fort Worth 1997, no writ) (property owner owned no duty to plaintiff who located scaffolding on property, property owner could not reasonably foresee plaintiff would alter scaffold to unsteady state, plaintiff had superior knowledge about how to erect scaffolding safely, and had control over how he carried out his work); *Hammack v. Conoco, Inc.*, 902 S.W.2d 127, 129 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (property owner owed no duty to warn of premises defect because accident caused by activities on contractor's premises and did not arise from dangerous condition on property). These cases are distinguishable from the facts before us because in all of the cases cited by Pickup Heaven and Camp the courts noted that the party hiring the independent contractor had done nothing that caused the resulting injuries nor concealed the danger which had given rise to a finding of duty. *See Abalos*, 544 S.W.2d at 633; *Campbell*, 946

6

S.W.2d at 624; *Hammack*, 902 S.W.2d at 130. These cases do not establish as a matter of law that Pickup Heaven and Camp owed no duty to Formby and L.G. Electronics or that Pickup Heaven and Camp were not negligent in their representations about the condition of the fuel storage tank.

Despite Camp's assertion that he did not intend his statements to be representations about the fuel storage tank's condition, summary-judgment proof exists that Formby understood his statements as representations about the condition of the tank. Further, Formby's and L.G. Electronics's expert Liles stated that the term "flushed" is a term of art in the welding industry and that any welder told that a tank had been flushed could reasonably believe that the tank was ready for welding. Additionally, the summary-judgment proof showed that Camp himself was a certified welder. Finally, we note the timing and the insistence of Camp's representations: three times he insisted that the tank had been flushed just as Formby and another employee were preparing to take the fuel storage tank to be flushed. Formby stated that he would have flushed the tank if Camp had not stated three times that the tank had already been flushed.

We hold that Camp and Pickup Heaven did not establish as a matter of law that they owed no duty to Formby and L.G. Electronics. A summary judgment is not proper in this case because issues of fact exist about whether Pickup Heaven and Camp negligently represented the condition of the fuel storage tank and also whether Pickup Heaven negligently failed to supervise and train its employees regarding fuel storage tanks and the necessary preparations and precautions necessary before tanks may be welded.

Additionally, Camp's arguments about what Formby should have understood "flushed" to mean as a certified welder and that Formby failed to follow federal OSHA guidelines or American

7

Welding Society guidelines are suggestions that Formby was comparatively or contributorily negligent and do not establish that Camp was not negligent as a matter of law.

## Conclusion

We sustain all of Formby's and L.G. Electronics's issues and hold that Pickup Heaven and Camp failed to show that they owed no duty to Formby and L.G. Electronics as a matter of law. Further, issues of fact exist as to appellants' claims of negligent misrepresentation and negligent supervision. The summary judgments in favor of Pickup Heaven and Camp are reversed and the cause is remanded to the district court for further proceedings consistent with this opinion.

_____

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   December 20, 2001

Do Not Publish

8