John K. HAMMACK and Kari Hammack, Appellants,

v.

CONOCO, INC., Appellee.

No. 01–94–00770–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1995.

Rehearing Overruled July 13, 1995.

Earl Landers Vickery, Austin, for appellants.

Donald B. McFall, Richard A. Sheehy, Lauren L. Beck, Reid Williamson, Houston, for appellee.

Before ANDELL, COHEN and WILSON, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of appellee, Conoco, Inc., in a personal injury action filed by appellants, John K. Hammack and Kari Hammack. In two points of error, the Hammacks contend that the trial court erred in

rendering summary judgment in favor of Conoco. We affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL POSTURE

John Hammack was hired by Basin Acidizing, Inc. (Basin) on February 4, 1991, as a swamper/driver. Among other things, Basin was engaged in the business of transporting chemicals and waste water produced during oil well production. Basin was routinely hired by Conoco to service Conoco wells located in the Permian Basin. On February 6, 1991, after having worked for Basin for only two days, John Hammack was assigned to help Jake Marcellis, another Basin employee. The two were dispatched to a Conoco lease to remove and dispose of produced well water.

After they arrived at the lease, Hammack and Marcellis pumped the produced well water into Basin's transport truck without incident. They then proceeded to a commercial disposal site where they emptied the truck's contents. Finally, the men returned to Basin's facility where they began to clean the truck. Since there was "sludge" remaining at the bottom of the truck's tank that was difficult to remove, Marcellis obtained the permission of Scot Backemeyer, a truck pusher for Basin, and Weldon Butler, the operations manager at Basin's Odessa facility, to clean the truck with an acid wash composed of hydrochloric acid and water. Marcellis pulled the truck up to the acid tanks at the Basin site, and Butler assisted in pumping the solution into the truck's tank.

After the solution was injected, Marcellis backed the truck up to a pit where he released the valves and allowed the contents to drain. Although Backemeyer and Butler assert that they repeatedly warned Hammack and Marcellis not to climb on top of the truck, Hammack contends that Marcellis ordered him to climb on top of the truck to determine if it was emptying properly. It is, however, undisputed that Hammack did climb a ladder located on the back of the truck and stick his head inside the open hatch. Hammack was discovered minutes later lying face down on the ground near the truck. He was immediately taken to the hospital where he was treated for his injuries.

The Hammacks claim that John Hammack's injuries were caused by the inhalation of hydrogen sulfide gas which was present in the drilling fluid that he and Marcellis extracted from the Conoco well. The Hammacks filed suit against Conoco, contending that Conoco was negligent in failing to warn Hammack and his employer, Basin, of the dangers of hydrogen sulfide gas. Conoco filed a motion for summary judgment arguing that it was entitled to judgment as a matter of law because: (1) the undisputed evidence showed that Hammack was not exposed to hydrogen sulfide; (2) Conoco owed no duty to warn Hammack of dangers arising on the premises of Basin and under Basin's exclusive control; (3) Conoco warned Hammack's employer, Basin, of the dangers of hydrogen sulfide; and (4) Hammack himself was warned of the dangers of hydrogen sulfide. The trial court granted Conoco's motion for summary judgment without specifying the grounds upon which it relied.

The Hammacks assert two points of error on appeal: (1) the trial court erred in granting Conoco's motion for summary judgment because Conoco failed to disprove any element of the Hammack's claims as a matter of law; and (2) the trial court erred in granting Conoco's motion for summary judgment because the summary judgment evidence reveals genuine issues of material fact for determination at trial.

## II. STANDARD OF REVIEW

Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); Tex.R.Civ.P. 166a(c). If a defendant conclusively negates one of the essential elements of the plaintiff's cause of action as a matter of law, summary judgment is proper. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). Once a defendant has produced competent evidence to negate a necessary element of the nonmovant's cause of action, the burden

shifts to the nonmovant to introduce evidence that raises an issue of fact on that element. *Id.*

In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

A summary judgment may be affirmed only on grounds stated in the motion. *Home Indem. Co. v. Pate,* 814 S.W.2d 497, 500 (Tex.App.—Houston [1st Dist.] 1991, writ denied). When the summary judgment does not state the specific grounds upon which it is granted, it must be affirmed if any one of the grounds asserted in the motion is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *McCrea v. Cubilla Condominium Corp., N.V.,* 685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

## III. ANALYSIS

The Hammacks' cause of action rests upon the purported negligence or gross negligence of Conoco. The elements of a common-law negligence cause of action are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). The Hammacks argue that Conoco was under a duty to warn Hammack of the presence or potential presence of hydrogen sulfide in high concentrations in the drilling fluid that Basin removed from the well. Conoco claims that its summary judgment evidence has proven as a matter of law that Conoco did not have a duty to John Hammack, and even if it did, it fulfilled its duty by warning Basin and Hammack.

The threshold inquiry in a negligence action is determining whether the defendant owed a duty to the plaintiff. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex.1987). Existence of a duty is a question of law. *Mitchell v. Missouri–Kan.–Tex. R.R.,* 786 S.W.2d 659, 662 (Tex.1990). Generally, an employer does not have a duty to see that an independent contractor performs his or her work in a safe manner. *Abalos v. Oil Dev. Co.,* 544 S.W.2d 627, 631 (Tex.1976). An owner or occupier of land who engages an independent contractor is not obligated to protect the contractor's employees from hazards that are incidental to, or part of, the work the independent contractor is hired to perform. *Shell Chem. Co. v. Lamb,* 493 S.W.2d 742, 747–48 (Tex.1973); *Shell Oil Co. v. Songer,* 710 S.W.2d 615, 618 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.). Where the activity is conducted by, and under the control of, the independent contractor and the dangerous activity arises out of the activity of its staff, the duty to protect from hazards is that of the independent contractor and not that of the owner of the premises. *Abalos,* 544 S.W.2d at 631; *Songer,* 710 S.W.2d at 618.

Hammack does not dispute that he was working for Basin at the time of his accident and that Basin was an independent contractor hired by Conoco. The summary judgment evidence also conclusively established that Conoco did not retain control over any part of the work to be performed by Basin.[1] Furthermore, the existence of hydrogen sulfide in the well in question was not a concealed danger. Conoco disclosed to Basin the fact that the well contained hydrogen sulfide and required Basin to certify that all of its employees had received hydrogen sulfide training.

The Hammacks assert that the hydrogen sulfide constituted an unreasonably dangerous condition on Conoco's premises and, hence, gave rise to a duty to warn. *See*

---

1. Paragraph two of the contract between Conoco and Basin provides:

> It is expressly understood that Contractor is an independent contractor and that neither it nor its employees or subcontractors are servants, agents or employees of [Conoco].... [Conoco] shall have no direction or control of the method or manner in which the work is performed by Contractor pursuant to this contract, but shall be interested solely in determining that the desired results are secured.

No Conoco employees were present at the well site, and Hammack worked solely under the supervision of Marcellis at the site.

*Union Carbide Corp. v. Burton,* 618 S.W.2d 410, 414 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). When the dangerous condition is inherent in the performance of the work contracted to an independent contractor, however, an owner or occupier does not owe a duty to warn. *Abalos,* 544 S.W.2d at 631–32; *Lamb,* 493 S.W.2d at 746. The accident in this case did not arise from a dangerous condition on Conoco's premises. The injury resulted from an activity conducted on Basin's premises.

▪ Although the Hammacks correctly argue that a premises owner owes a duty to provide an independent contractor and its employees a safe place to work, *see Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex. 1985) (general contractor owes subcontractor's employee duty to keep premises in safe condition), the accident did not occur on premises owned or controlled by Conoco. Hammack was injured on the premises of his own employer, Basin, while attempting to clean the transport truck. A premises owner is entitled to assume that a contractor will perform its responsibilities in a safe and workmanlike manner, taking proper care and precautions to assure the safety of its employees. *Jenkins v. Fritzler Dev. Corp.,* 580 S.W.2d 63, 65 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

The Hammacks also contend that Conoco owed John Hammack a duty because Conoco assumed joint control with Basin over Basin's safety procedures. *See Shell Oil Co. v. Waxler,* 652 S.W.2d 454, 457–58 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). No evidence established that Conoco exercised any control over Basin's safety procedures. In fact, the evidence showed that Conoco had no control whatsoever over the manner in which Basin's employees performed their work.

▪ Finally, the Hammacks argue that Conoco had a duty to warn Hammack because he was engaged in inherently dangerous work. A party employing an independent contractor to do inherently dangerous work may be liable to third parties for injuries arising out of the performance of such work. *Gray v. Baker & Taylor Drilling Co.,* 602 S.W.2d 64, 67 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). An employee of an independent contractor, such as Hammack, is not a third party for the purposes of this rule as a matter of law. *See id.*

The evidence reveals that the danger arose out of the performance of the work for which Basin was employed. In compliance with the contract, Basin conducted a training course in which Hammack was informed of the possibility of exposure to hydrogen sulfide during the course of his work. Hammack was also instructed on the characteristics and dangers of the gas, how to detect it, and where to look for it. In his deposition, Hammack admits that he was aware of the danger of hydrogen sulfide exposure and that he looked for safety devices and questioned Marcellis regarding possible exposure when they arrived at the well site on the date of the accident.

If Hammack indeed was exposed to the gas, it was not until he had safely left Conoco's premises, disposed of the produced water, and returned to Basin's facility to clean the transport truck. We hold that the danger in this case was incidental to, or inherently a part of, the work Basin was hired to perform. Conoco, therefore, did not owe a duty to warn the employees of Basin, its independent contractor, of danger arising out of the performance of the contractor's work. *See Lamb,* 493 S.W.2d 742, 747–48. Basin had a duty to perform its work safely and was in a superior position to warn its employees of this dangerous condition. *See id.*

## IV. CONCLUSION

Conoco's summary judgment proof conclusively negated an essential element of the negligence upon which the Hammacks' cause rests, namely, the alleged breach of a duty to warn. As the Hammacks failed to present summary judgment evidence sufficient to raise a fact issue on this element, Conoco proved that it was entitled to judgment as a matter of law. *See Goldberg,* 775 S.W.2d at 752. The trial court, therefore, correctly granted Conoco's motion for summary judgment.

We overrule the Hammacks' first and second points of error.

We affirm the trial court's judgment.