Crisoforo CASTRO and Yolanda Castro, Individually and as Next Friends of Lorena Castro, Magnolia Castro, Christian Castro, Jose Armando Castro, Minors, Plaintiffs,

v.

Matias SERRATA, Pedro Saucedo, and J. Rick Day, Defendants.

No. Civ.A. L–98–103.

United States District Court,
S.D. Texas,
Laredo Division.

April 30, 2001.

Luciano Adrian Rodriguez, Laredo, TX, pro se.

Rolando Luis Leon, Baker Leon et al, Corpus Christi, TX, David Lee McGee, Corpus Christi, TX, for Crisoforo Castro, Yolanda Castro, Lorena Minor, Christian Castro, Jose Armando Castro.

Matias Serrato, Tilden TX, pro se.

Robert Narvell Carnahan, Corpus Christi, TX, Humberto G Garcia, Curney Garcia, San Antonio, TX, for J Rick Day.

## MEMORANDUM AND ORDER

KAZEN, Chief Judge.

Pending is Defendant Rick Day's Second Motion for Summary Judgment against Plaintiffs Crisoforo Castro and Yolanda Castro, Individually and as Next Friends of Lorena Castro, Magnolia Castro, Christian Castro, and Jose Armando Castro, Minors. This Court entered an order granting summary judgment in part and denying it in part on September 15, 2000 (Docket No. 77). Plaintiff's claim of "negligent hiring" by the Defendant is the only cause of action that remains.

Matias Serrata was an independent contractor hired by Defendant Day to install a ranch fence. Plaintiff Crisophoro Castro was one of Serrata's employees. During the work, Serrata told Castro to stand on an auger used to drill holes into the

ground. Castro's shoelaces caught in the auger and one of Castro's legs had to be amputated. Castro's remaining claim against Day is that Day's negligent hiring of independent contractor Serrata resulted in the loss of Castro's leg.

Texas recognizes the tort of negligent hiring and follows Restatement of Torts (Second) § 411, which states:

> An employer is subject to liability for physical harm to *third persons* caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to *third persons*.
>
> Restatement of Torts (Second) § 411 (1965) (emphasis added).

The key issue is whether Texas law considers an employee of an independent contractor a "third person" under § 411. In the earlier memorandum, the Court noted the case of *Simonton v. Perry, et al.,* 62 S.W. 1090, 1091 (Tex.Civ.App.1901, no writ), which squarely held that a claim against a defendant for negligently hiring an independent contractor does not enure to the benefit of the contractor's own employees. The Court expressed concern, however, with language in *Pollard v. Missouri Pacific Railroad Co.,* 759 S.W.2d 670 (Tex.1988), which at least hinted a contrary result. Upon reviewing other decisions by Texas courts and the Fifth Circuit Court of Appeals, the Court now concludes that the *Pollard* language is insufficient to justify a holding contrary to *Simonton.* The *Pollard* opinion simply noted an allegation that the defendant had negligently employed an inexperienced contractor. It further noted that the allegation had never been controverted and had not been ad-dressed by the court of appeals. The Texas Supreme Court then tersely stated that this claim, under those circumstances, "presents another genuine issue of material fact."

All other available authority indicates that Texas would not apply § 411 of the Restatement to employees of the independent contractor. For example, in *Rogers v. Pro–Tec Installations, Inc.,* 1997 WL 412090 (Tex.App.—Dallas 1997) the court held that the independent contractor's employees are not "third parties" under § 411. Granted, the *Rogers* opinion was not designated for publication and, under Texas Appellate Rule 47.7, may not be cited as authority. Nevertheless, it is a recent decision of a Texas appellate court and cannot be ignored by this Court in its search for Texas law.[1] In any event, *Rogers* relies on two other published Texas cases, *Hammack v. Conoco, Inc.,* 902 S.W.2d 127, 131 (Tex.App.—Houston [1st Dist.] 1995, writ denied) and *Gray v. Baker & Taylor Drilling Co.,* 602 S.W.2d 64, 67 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.). *Hammack* and *Gray* were specifically concerned with the rule making an employer liable to third parties, under certain circumstances, for damages resulting from the performance of inherently or intrinsically dangerous work by an independent contractor. Those cases unequivocally hold that an employee of the independent contractor is not "a third party" under this rule. There is no valid reason for reaching a different result under the related rule in § 411 of the Restatement. The Fifth Circuit has also concluded, in a case arising from Texas, "that the rule that an employer of an independent contractor is liable to third persons for negligence of the independent contrac-

---

1. *Compare* Tex.App.R. 47.7 *with* the more logical 5th Cir.R. 47.5 (unpublished opinion generally has no precedential value but "may, however, be persuasive").

tor in the performance of work inherently dangerous does not extend to employees of the independent contractor." *Sword v. Gulf Oil Corp.*, 251 F.2d 829, 836 (5th Cir.1958). In a later case, while considering both sections 411 and 413 of the Restatement, the Fifth Circuit reiterated that these provisions do not extend to the employees of the independent contractor. *Hess v. Upper Mississippi Towing Corp.*, 559 F.2d 1030, 1035 (5th Cir.1977).

In the instant case, Plaintiff Castro was an employee hired by Matias Serrata, an independent contractor for Defendant Day. Plaintiff Castro is not a "third party" under section 411 of the Restatement and Defendant Day is not liable for Castro's injuries under the theory that he negligently hired Castro.

Defendant J. Rick Day's Second Motion for Summary Judgment is hereby GRANTED.