**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-40733**
**Summary Calendar**

---

**CRISOFORO CASTRO, Individually and as Next Friends of Lorena Castro, Magnolia Castro, Christian Castro, Jose Armando Castro, Minors; YOLANDA CASTRO, Individually and as Next Friends of Lorena Castro, Magnolia Castro, Christian Castro, Jose Armando Castro, Minors,**

**Plaintiffs-Appellants,**

**versus**

**HERMANOS MORALES RANCH; ET AL.,**

**Defendants,**

**J. RICK DAY,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(L-98-CV-103)**

---

November 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Claiming Defendant J. Rick Day negligently hired and supervised the independent contractor for whom Plaintiff Crisoforo Castro worked, Plaintiffs contest the summary judgments awarded Day. **AFFIRMED.**

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Castro was employed by Matias Serrata, who had been hired by Day to build a fence on property Day was leasing for grazing. While working on the fence, Castro's shoelace became caught in an auger being used to drill fence post holes, and his leg was injured. Subsequently, Castro's leg had to be amputated at the knee.

Plaintiffs' action claimed, *inter alia*: Day was negligent in hiring Serrata; and Day negligently supervised Serrata. Summary judgments were granted Day on each claim.

For the negligent supervision claim, the district court ruled: Serrata was an independent contractor; and Day did not exercise the requisite control over Serrata necessary to create liability on the part of Day. *Castro v. Serrata*, 145 F. Supp. 2d 829, 832-33 (S.D. Tex. 2000). In regard to the negligent hiring claim, the district court ruled that, under Texas law, the employee of an independent contractor is not a "third person" in the contemplation of Restatement of Torts (Second) § 411, which recognizes that an employer is liable to third parties for the negligent hiring of a contractor who performs any duty which that employer owes to a third person. *Castro v. Serrata*, 145 F. Supp. 2d 835, 837 (S.D. Tex. 2001).

II.

2

We must determine whether: (1) an employee of an independent contractor is a third person under Texas law to whom the party employing the independent contractor can be liable for negligently hiring the independent contractor; and (2) Day exercised the requisite control over the fence project to subject him to liability for any negligent supervision of the independent contractor.

A summary judgment is reviewed *de novo* applying the identical standard used by the district court. *E.g.*, **Stewart v. Murphy**, 174 F.3d 530, 533 (5th Cir.), *cert. denied*, 528 U.S. 906 (1999). Such judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "We view the pleadings and summary judgment evidence in the light most favorable to the nonmovant." **Stewart**, 174 F.3d at 533.

A.

Plaintiffs contend that the case law relied upon by the district court in ruling on the negligent hiring claim is outdated, and ask this court to look instead to other jurisdictions to hold that Day can be liable for the alleged negligent hiring of Serrata. Alternatively, Plaintiffs request that the question be certified to the Texas Supreme Court.

3

In granting summary judgment on this issue, the district court cited *Simonton v. Perry et al.*, 62 S.W. 1090, 1091 (Tex. Civ. App. 1901, no writ), which unequivocally holds that an employee of an independent contractor is not a third person to whom the party employing the independent contractor is liable for the negligent hiring of the contractor. Our court has recognized that this is the law of Texas. *See Sword v. Gulf Oil Corp.*, 251 F.2d 829, 836 (5th Cir.) ("rule that an employer of an independent contractor is liable to third persons for negligence of the independent contractor in the performance of work inherently dangerous does not extend to employees of the independent contractor"), *cert. denied*, 358 U.S. 824 (1958). Plaintiffs, however, contend that, because Texas now follows the Restatement (Second) of Torts, the result should be different. Texas does follow Restatement (Second) of Torts § 411, *see MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 156 (Tex. 1992), which provides:

> An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
>
> (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
>
> (b) to perform any duty which the employer owes to third persons.

The district court correctly observed, however, that Texas law continues to recognize that, under situations analogous to those

4

contemplated in § 411, an employee of an independent contractor is not a third person. For example, in both ***Hammack v. Conoco, Inc.***, 902 S.W.2d 127, 131 (Tex. App. - Houston [1st Dist.] 1995, writ denied), and ***Gray v. Baker & Taylor Drilling Co.***, 602 S.W.2d 64, 67 (Tex. Civ. App. - Amarillo 1980, writ ref'd n.r.e.), Texas courts determined that, while an independent contractor who is hired to perform inherently dangerous work is liable to third persons for injuries resulting from such activities, employees of independent contractors are not third persons. In fact, the Court of Appeals of Texas has expressly held, albeit in an unpublished, nonprecedential decision, that, under Texas law, the employee of an independent contractor is not considered a third person under § 411. *See* ***Rogers v. Pro-Tec Installations, Inc.***, No. 05-96-00049-CV, 1997 WL 412090, at *9 (Tex. App. - Dallas 1997) ("Texas law clearly holds that a subcontractor's employee is not a third party as that phrase is used in the strict liability cases.... We see no reason why the phrase 'third party' should be interpreted differently under section 411").

Accordingly, we reject Plaintiffs' contention that, under the law of Texas, an employee of an independent contractor is a third person under § 411. Accordingly, summary judgment was correctly awarded Day on Plaintiffs' negligent hiring claim. Concomitantly, we deny the alternative, certified-question relief sought by Plaintiffs.

5

Plaintiffs next contend that genuine issues of material fact preclude summary judgment on the negligent supervision claim. Generally, the owner or occupier of land "does not have a duty to see that an independent contractor performs work in a safe manner". *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex. 1985). In some situations, however, the party employing an independent contractor "does have a duty to warn an independent contractor's employees of any dangerous conditions arising out of the independent contractor's work". *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex. 1997). Such a duty arises where: the employing party retains some control over the work to be performed by the independent contractor; the employing party did not exercise reasonable care in overseeing the independent contractor's activities; and the injury sustained by the plaintiff is proximately caused by the breach of that duty. *See Olivo*, 952 S.W.2d at 528 (citing Restatement (Second) of Torts § 414); *Redinger*, 689 S.W.2d at 418 ("when the general contractor exercises some control over a subcontractor's work he may be liable unless he exercises reasonable care in supervising the subcontractor's activity"). The control exercised by the party employing the independent contractor, however, "must be more than a general right to order the work to start or stop, to inspect progress or receive reports". *Redinger*, 689 S.W.2d at 418. Obviously, a premises

owner or occupier, such as Day, "must have some latitude to tell its independent contractors what to do, in general terms, and may do so without becoming subject to liability". ***Koch Ref. Co. v. Chapa***, 11 S.W.3d 153, 156 (Tex. 1999).

Plaintiffs assert there are material fact issues on whether Day retained some control over the fence project because Day's employee, Gonzales, visited the work site on a daily basis and gave instructions to Serrata or Serrata's employees regarding the placement of the fence. Such instructions, however, are of the general nature contemplated by ***Koch*** that do not expose Day to liability. Theoretically, if entities such as Day are exposed to liability for such rudimentary instructions to the independent contractors they employ, Day would become liable for any instructions beyond informing Serrata that he wanted him to build a fence. Accordingly, the district court did not err in granting summary judgment to Day as to this claim.

III.

For the foregoing reasons, the judgment is

***AFFIRMED.***