**Opinion filed July 27, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00157-CV

_____

## EVELYN CUEVAS ET AL., Appellants
## V.
## ENDEAVOR ENERGY RESOURCES, L.P., Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV51195**

### M E M O R A N D U M   O P I N I O N

This summary judgment appeal concerns an application of Chapter 95 of the Civil Practices and Remedies Code to claims brought by the survivors of the decedent, Angel Cuevas, Jr. Cuevas was fatally injured while working on a drilling rig that was drilling a well on a lease owned and operated by Endeavor Energy Resources, L.P. Appellants[1] filed suit against Endeavor and Cuevas's employer, Big

---

[1]The Appellants consist of: (a) Plaintiffs Evelyn Cuevas, individually and as next friend of Clarisa Cuevas and Esequiel Cuevas, minor children, and on behalf of the Estate of Angel Cuevas, Jr., and Melanie Molina, as next friend of Belen Cuevas, a minor; (b) Intervenor Erika Messer, as next friend of Kristina Cuevas, a minor; and (c) Intervenor New Hampshire Insurance Company. The three sets of Appellants have filed separate briefs challenging the trial court's summary judgment.

Dog Drilling, alleging claims of negligence and premises liability. The trial court granted Endeavor's motion for summary judgment based upon its determination that Appellants did not have evidence to establish a claim against Endeavor under Section 95.003.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 95.003 (West 2011). We affirm.

*Background Facts*

Endeavor is an owner/operator of oil and gas leases located in Midland County. Endeavor contracted with Big Dog Drilling to drill a well on Endeavor's mineral lease. Cuevas was an employee of Big Dog Drilling. On June 25, 2011, Cuevas and other rig hands were working on Big Dog Drilling Rig No. 17. The accident occurred while the Big Dog crew was "rigging up" the rig in preparation for drilling operations. Cuevas was working in the substructure area of the rig, known as the cellar, trying to repair a cellar jet line. The cellar jet line is a pipe that works as a vacuum to remove fluid from the cellar.

Cuevas and the other rig hands were using a rope known as a catline, which was attached to a pulley system known as a cathead, to lift the cellar jet line in order to make the repairs. During this process, the catline became unexpectedly caught on the cathead, which caused the cellar jet line to rise abruptly and strike Cuevas in the head, ultimately resulting in his death. No Endeavor employees were present at the location when the accident occurred.

In the Plaintiffs' Original Petition, they alleged that Endeavor owned and operated the job site and that Endeavor was an occupier of the premises.[3] Plaintiffs alleged that the premises were unreasonably dangerous, unsafe, and a producing cause of their damages. Plaintiffs alleged a premises liability claim against

---

[2] Big Dog Drilling is not a party to this appeal. After granting Endeavor's motion for summary judgment, the trial court entered an order severing Appellants' claims against Big Dog Drilling.

[3] The intervenors have essentially adopted the plaintiffs' pleadings and arguments in this case.

Endeavor based on the contention that Cuevas suffered bodily injury resulting in his death as a result of a dangerous condition on the premises, which Endeavor permitted to exist and about which Endeavor failed to warn Cuevas.

Endeavor filed a motion for summary judgment asserting traditional and no-evidence grounds regarding Appellants' original negligence and premises liability claims. Endeavor's traditional summary judgment grounds alleged that Chapter 95 applied to plaintiffs' claims against Endeavor, and Endeavor's no-evidence ground asserted that plaintiffs had no evidence satisfying the requirements of Section 95.003. Plaintiffs subsequently filed a supplemental petition alleging negligent hiring, retention, and supervision claims against Endeavor. Plaintiffs alleged that Endeavor was negligent in hiring Cuevas's employer, Big Dog Drilling, to drill a well on its lease and that Endeavor was negligent in failing to properly supervise Big Dog Drilling as it performed work on the lease. Endeavor did not amend or supplement its motion for summary judgment to address these new claims.

After a hearing, the trial court granted Endeavor's motion for summary judgment on all claims asserted by Appellants. Collectively, Appellants present two issues on appeal.[4] They assert in their first issue that the trial court erred in granting summary judgment on the original premises liability claim. They assert in their second issue that the trial court erred by granting summary judgment on the negligent hiring, retention, and supervision claims that were pleaded after Endeavor filed its motion for summary judgment.

*The Original Premises Liability and Negligence Claims*

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). As noted previously, Endeavor asserted, as a traditional summary judgment ground, that Appellants' original claims against

---

[4]Appellant/Intervenor New Hampshire Insurance Company only presents a single issue on appeal complaining of the matter alleged by the other Appellants as their first issue.

Endeavor are governed by Chapter 95. We are aided in our analysis by two recent opinions by the Texas Supreme Court addressing the application of Chapter 95. *See Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555 (Tex. 2016); *Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42 (Tex. 2015).

We note at the outset that the parties agree that Chapter 95 applies to Appellants' original premises liability and negligence claims as alleged in Plaintiffs' Original Petition. Accordingly, Endeavor's traditional summary judgment ground is not being challenged on appeal as it applies to Appellants' original claims. Instead, Appellants' first issue focuses on Endeavor's no-evidence ground asserting that Appellants had no evidence to establish a claim under Section 95.003.

After adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Timpte Indus.*, 286 S.W.3d at 310; *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

Section 95.003 provides that:

> A property owner is not liable for personal injury, death, or property damage to . . . an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:
>
> > (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and
> >
> > (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

CIV. PRAC. & REM. § 95.003. When Chapter 95 applies to a claim, "it is the plaintiff's 'sole means of recovery.'" *Ineos*, 505 S.W.3d at 561 (quoting *Abutahoun*, 463 S.W.3d at 51). The difference between Chapter 95 and the common law is material for liability purposes because, when Chapter 95 applies to a negligence claim, it imposes more stringent evidentiary requirements to establish entitlement to recovery. *Id.* "When Chapter 95 applies . . . , it grants the property owner additional protection by requiring the plaintiff to prove that the owner 'had actual knowledge of the danger or condition,' so the owner is not liable based merely on what it reasonably should have known." *Id.* (quoting CIV. PRAC. & REM. § 95.003(2)).

We begin our analysis with the actual knowledge component. "Because evidence of actual knowledge triggers an exception to the protection that Chapter 95 otherwise provides, the plaintiff has the burden to prove the owner's actual knowledge." *Id.* at 568 (citing *Vanderbeek v. San Jacinto Methodist Hosp.*, 246 S.W.3d 346, 352 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, whereas constructive knowledge can be established by facts or

inferences that a dangerous condition could develop over time. *Id.* (citing *City of Corsicana v. Stewart*, 249 S.W.3d 412, 414–15 (Tex. 2008) (per curiam)). "Circumstantial evidence establishes actual knowledge only when it 'either directly or by reasonable inference' supports that conclusion." *Id.* (quoting *Stewart*, 249 S.W.3d at 415).

Appellants premise their actual knowledge contention on the assertion that Endeavor and Big Dog Drilling had common ownership. Based upon this contention, Appellants assert that Endeavor had actual knowledge that the use of the cathead spools on a drilling rig was a recognized danger, which was evidenced by cathead spools being replaced with air hoists on other Big Dog Drilling rigs prior to the incident. Conversely, Endeavor asserted that general knowledge of the use of catheads on Big Dog Drilling rigs did not constitute actual knowledge of the danger or condition resulting in the death of Cuevas. Endeavor asserts that no employee of Endeavor knew that the cellar jet line needed repair or that the cathead and catline would be used by Big Dog Drilling to lift it for repair. In this regard, the deposition testimony of Cuevas's coworkers indicated that no employees of Endeavor were present at the time of the accident and no employee of Endeavor was aware of the problem with the cellar jet line or the manner that was used to attempt to repair it.

The Texas Supreme Court's recent opinion in *Ineos* addresses the actual knowledge issue. The claimant in *Ineos* was the employee of an independent contractor that was working to replace a valve on a furnace heater in a petrochemical plant. *Id.* at 559. He suffered burns when a burst of gas exploded out of a pipe that he was working on. *Id.* The claimant in *Ineos* asserted that the owner of the plant had actual knowledge of the dangerous condition because it had knowledge of the presence of explosive gases and hydrocarbons in the plant. *Id.* at 568–69. The court determined that the presence of gas at the plant was not the danger or condition resulting in the claimant's injuries, but rather it was the presence of gas in the

6

specific line upon which the claimant was actually working that resulted in the claimant's injuries. *Id.* at 569.

Appellant's contention that Endeavor had knowledge that the use of catheads and catlines on drilling rigs is potentially dangerous is similar to the contention by the claimant in *Ineos* that the property owner had knowledge of a potentially dangerous situation on its property. The court in *Ineos* rejected the contention that general knowledge of a potentially dangerous condition constituted actual knowledge of the dangerous condition that resulted in the claimant's injury. *Id.* In this context, the dangerous condition that resulted in Cuevas's death was the specific use of the cathead and catline to lift the cellar jet line for repair, and there is no evidence that Endeavor had actual knowledge that the cathead and catline were being used in this manner. Accordingly, we conclude that the trial court did not err in concluding that Appellants did not raise a fact issue on the actual knowledge requirement of Section 95.003(2). We overrule Appellants/Plaintiffs Evelyn Cuevas's and Melanie Molina's first issue, Appellant/Intervenor Erika Messer's first issue, and Appellant/Intervenor New Hampshire Insurance Company's sole issue on appeal.

*Negligent Hiring, Retention, and Supervision Claims*

Appellants/Plaintiffs Evelyn Cuevas and Melanie Molina and Appellant/ Intervenor Erika Messer assert in their second issues that the trial court erred in granting summary judgment on Appellants' negligent hiring, retention, and supervision claims because Endeavor did not amend or supplement its motion for summary judgment to include those later-filed claims. A defendant who does not amend or supplement its motion for summary judgment to address claims asserted in a plaintiff's amended or supplemental pleading is generally not entitled to a summary judgment on the plaintiff's entire case. *See Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

7

Appellants rely upon this general rule to assert that the trial court erred in granting summary judgment on the entire case.

An amended or supplemental motion for summary judgment is not always necessary, however, when a ground asserted in a motion for summary judgment conclusively negates a common element of the newly and previously pleaded claims, or when the original motion is broad enough to encompass the newly asserted claims. *See Blancett*, 177 S.W.3d at 592; *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 671–72 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Judwin Props., Inc. v. Griggs & Harrison*, 911 S.W.2d 498, 502 (Tex. App.—Houston [1st Dist.] 1995, no writ). Endeavor asserts that the grounds alleged in its motion for summary judgment were broad enough to extend to the supplemental claims. In this regard, Endeavor asserted that Appellants' claims were subject to Chapter 95 and that Appellants had no evidence to satisfy the requirements of Section 95.003. Endeavor contends that the supplemental claims of negligent hiring, retention, and supervision are also subject to Chapter 95 and that the same lack of evidence pertaining to Appellants' premises liability claim extends to the supplemental claims. We agree in part with Endeavor's contention.

In *Abutahoun*, the Texas Supreme Court addressed the types of claims covered by Chapter 95. The court held that Chapter 95 applies "to all negligence claims that arise from either a premises defect or the negligent activity of a property owner or its employees." *Abutahoun*, 463 S.W.3d at 50. "As we have explained, 'negligent activity encompasses a malfeasance theory based on affirmative, *contemporaneous* conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Id.* (emphasis added) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). The court further noted, however, that Chapter 95's limitations on liability do not apply to all negligence

8

claims that an injured independent contractor may assert. *Id.* at 52. Specifically, as per Section 95.002(2), Chapter 95 does not apply when a claim does not arise from a condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement. *Id.*; *see* CIV. PRAC. & REM. § 95.002(2).

The Texas Supreme Court concluded that Chapter 95 applies to contemporaneous negligent acts of the property owner. *Abutahoun*, 463 S.W.3d at 52. These are acts that occur on the premises at the time the claimant is injured. In their supplemental pleadings, Appellants are asserting that Endeavor was negligent in hiring Cuevas's employer, Big Dog Drilling, to drill the well and that Endeavor was negligent in failing to train and supervise Big Dog Drilling in conducting drilling operations. Appellants' supplemental claims of negligent retention and supervision are essentially claims of contemporaneous negligent acts occurring on the premises and are thus subject to Chapter 95. Therefore, the trial court's implicit determination that Endeavor did not have actual knowledge of the dangerous condition causing Cuevas's death extends to the supplemental claims of negligent retention and supervision. However, Appellants' claims for negligent hiring do not appear to be contemporaneous acts occurring on the premises, but rather they are acts that occurred prior to the injury. Accordingly, we conclude that Endeavor's grounds for summary judgment did not extend to the supplemental negligent hiring claim.

Endeavor additionally cites *G & H Towing Co. v. Magee* for the proposition that the harmless error rule applies where the trial court grants more relief than the summary judgment motion requested. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011). We conclude that the summary judgment on the negligent hiring claims was harmless under *G & H Towing*. The court stated in *G & H Towing* that, "[a]lthough a trial court errs in granting a summary judgment on a cause of

action not expressly presented by written motion, we agree that the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds." *Id.* (citing *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 437–38 (Tex. App.— Texarkana 1999, pet. denied)) (holding reversal would be meaningless because recovery for omitted cause of action was precluded as a matter of law).

Appellants are asserting that, as an owner/occupier of property, Endeavor owed the employee (Cuevas) of an independent contractor (Big Dog Drilling) a duty to protect Cuevas by hiring a safe independent contractor to perform the work. Duty is a question of law for the court to determine rather than for the jury to decide. *See Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008).

Generally, an owner or occupier of property does not owe a duty to ensure that independent contractors perform their work in a safe manner. *Id.* at 214; *see* RESTATEMENT (SECOND) OF TORTS § 409 ("[T]he employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants."). However, there are a number of exceptions to this general rule. *See Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 798–801 (Tex. 2006) (Brister, J., concurring) (outlining the various exceptions to the general rule that are set out in the Restatement). Section 411 of the Restatement provides that "[a]n employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor." RESTATEMENT (SECOND) OF TORTS § 411. Texas has recognized the exception for negligent hiring as set out in Section 411. *See Fifth Club, Inc.*, 196 S.W.3d at 799 n.1 (Brister, J., concurring); *Motloch v. Albuquerque Tortilla Co.*, 454 S.W.3d 30, 33 (Tex. App.—Eastland 2014, no pet.); *see also Castro v. Serrata*, 145 F. Supp. 2d 835, 836 (S.D. Tex. 2001) (applying Texas law). This exception is separate from the exception recognized by Section 414 for one who retains a right to control the contractor's work. RESTATEMENT (SECOND) OF TORTS § 414; *see Abutahoun*, 463

10

S.W.3d at 50 n.9 (recognizing that Texas has adopted Section 414); *Moritz*, 257 S.W.3d at 214 (same); *Motloch*, 454 S.W.3d at 33–35 (analyzing a negligent hiring claim separately from a negligent control claim under Section 414); *see also Fifth Club, Inc.*, 196 S.W.3d at 798–801 (Brister, J., concurring).

Under the doctrine of negligent hiring, a general contractor owes a duty to third parties to exercise reasonable care to retain independent contractors that are not incompetent or unfit. *Hagins v. E-Z Mart Stores, Inc.*, 128 S.W.3d 383, 392–93 (Tex. App.—Texarkana 2004, no pet.) (citing *Wise v. Complete Staffing Servs., Inc.*, 56 S.W.3d 900, 902 (Tex. App.—Texarkana 2001, no pet.)); *see McClure v. Denham*, 162 S.W.3d 346, 354 (Tex. App.—Fort Worth 2005, no pet.) ("In other words, an employer has a duty to use ordinary care in employing an independent contractor."); *see also Castro*, 145 F. Supp. 2d at 836. However, a duty under the doctrine of negligent hiring is not owed by the general contractor to the employees of the independent contractor. *McClure*, 162 S.W.3d at 354; *Hagins*, 128 S.W.3d at 393; *see Castro*, 145 F. Supp. 2d at 836–37. Thus, as a matter of law, Endeavor did not owe a duty to Cuevas under the doctrine of negligent hiring with respect to its selection of his employer to perform work on Endeavor's lease. Accordingly, the trial court's entry of summary judgment on the supplemental negligent hiring claim was harmless. We overrule the second issues of Appellants/Plaintiffs Evelyn Cuevas and Melanie Molina and Appellant/Intervenor Erika Messer.

### This Court's Ruling

We affirm the judgment of the trial court.


July 27, 2017                                             JOHN M. BAILEY

Panel consists of: Wright, C.J.,                         JUSTICE
Willson, J., and Bailey, J.