# IN THE SUPREME COURT OF TEXAS

═══════════

No. 17-0925

═══════════

ENDEAVOR ENERGY RESOURCES, L.P., PETITIONER,

v.

EVELYN CUEVAS, INDIVIDUALLY AND AS NEXT FRIEND OF C.C. AND E.C., MINOR
CHILDREN, AND ON BEHALF OF THE ESTATE OF ANGEL CUEVAS, JR.; MELANIE
MOLINA, AS NEXT FRIEND OF B.C., A MINOR; NEW HAMPSHIRE INSURANCE CO.; AND
ERIKA MESSER, AS NEXT FRIEND OF K.C., A MINOR, RESPONDENTS

═══════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE ELEVENTH DISTRICT OF TEXAS

═══════════════════════════════

**Argued February 19, 2019**

JUSTICE BOYD delivered the opinion of the Court.

This appeal presents the issue of whether chapter 95 of the Texas Civil Practice and

Remedies Code applies to a contractor's employee's negligent-hiring claim against a property

owner. Because we hold it does, and because the parties do not dispute that chapter 95 (if

applicable) bars the claim, we reverse the court of appeals' judgment in part and render judgment

for the property owner.

## I.
## Background

Endeavor Energy Resources hired Big Dog Drilling to drill a well on Endeavor's mineral

lease. Angel Cuevas, Jr., a Big Dog employee, was working on Endeavor's well when a rope the

rig hands were using to lift a pipe unexpectedly caught on a mechanical pulley.[1] The rope jerked the pipe upward, causing it to strike Angel in the head, ultimately resulting in his death. Angel's survivors (together, Cuevas) sued Endeavor, at first alleging only ordinary-negligence and premises-liability claims.

Endeavor moved for traditional and no-evidence summary judgment, arguing that chapter 95 of the Texas Civil Practice and Remedies Code bars both claims because Cuevas cannot establish that Endeavor had actual knowledge of any dangerous condition on the worksite. Cuevas then filed a supplemental petition, asserting new claims that Endeavor negligently hired, retained, and supervised Big Dog. Endeavor did not amend its summary-judgment motion to address these claims.

The trial court granted summary judgment for Endeavor on all of Cuevas's claims. The court of appeals reversed on the negligent-hiring claim and otherwise affirmed. 531 S.W.3d 375, 383 (Tex. App.—Eastland 2017). It held that chapter 95 does not apply to the negligent-hiring claim because that claim arises from negligence that occurred before the injury, rather than negligence that occurred contemporaneously with the injury on Endeavor's premises. *Id*. at 382. Cuevas has not challenged the court of appeals' judgment affirming dismissal of the ordinary-negligence, premises-liability, negligent-retention, and negligent-supervision claims. Endeavor, however, filed a petition for review challenging the judgment reversing dismissal of the negligent-

---

[1] The rope is known as a "catline," which is used "for the primary purpose of lifting and transferring materials from one place to another about the derrick or mast floor." INT'L ASS'N OF DRILLING CONTRACTORS LEXICON, http://www.iadclexicon.org/catline (last visited Apr. 17, 2019). The pulley that powers the catline, called the cathead, "is a concave, rotating, pulley-type device mounted on the end of the cat shaft of the drawworks." *Id.*

hiring claim. We granted Endeavor's petition and now reverse, holding that chapter 95 applies to the negligent-hiring claim.

## II.
## Chapter 95

Under the common law, a property owner can be liable for premises liability or negligence that harms an independent contractor or its employee if the owner controlled the work and "either knew or reasonably should have known of the risk or danger." *Ineos USA, LLC v. Elmgren*, 505 S.W.3d 555, 561 (Tex. 2016). But when chapter 95 applies, a property owner can be liable for injury to a contractor or its employee "who constructs, repairs, renovates, or modifies an improvement to real property" only if the owner controlled the work and "had actual knowledge of the danger or condition." TEX. CIV. PRAC. & REM. CODE § 95.003. Proof that the property owner "reasonably should have known" of the risk is insufficient when chapter 95 applies. *Ineos*, 505 S.W.3d at 561.

Cuevas does not contend in this Court that Endeavor had actual knowledge of the danger or condition that resulted in Angel's death. Instead, Cuevas argues that Endeavor reasonably should have known of the danger or condition, and its constructive knowledge is sufficient to support the negligent-hiring claim because chapter 95 does not apply to that claim.

By its own terms, chapter 95 applies to a "claim for damages caused by negligence"

> (1) against a property owner, contractor, or subcontractor for personal injury, death, or property damage to an owner, a contractor, or a subcontractor or an employee of a contractor or subcontractor; and

> (2) that arises from the condition or use of an improvement to real property where the contractor or subcontractor constructs, repairs, renovates, or modifies the improvement.

3

TEX. CIV. PRAC. & REM. CODE §§ 95.001(1), .002. The parties do not dispute that the negligent-hiring claim qualifies as a "claim for damages caused by negligence," that Angel was "an employee of a contractor or subcontractor," or that Endeavor is a "property owner."[2] Instead, they dispute whether the negligent-hiring claim "arises from the condition or use of an improvement" to Endeavor's real property.

## A. Arises from the condition or use

We have previously held that, as used in chapter 95, "arises from" means "is caused by", a "condition" is "an intentional or an inadvertent state of being", and "use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Abutahoun v. Dow Chem. Co.*, 463 S.W.3d 42, 48–49 (Tex. 2015) (citations omitted). More specifically, we have explained that chapter 95's reference to a claim arising from "the condition . . . of an improvement to real property" contemplates a claim for premises liability, while a claim arising from the "use of an improvement to real property" refers to a claim based on negligent activities. *Id*. at 50. Both claims "are a species of negligence." *Id.*

The court of appeals acknowledged that Cuevas's negligent-hiring claim arises from Endeavor's alleged negligent activity, but concluded that chapter 95 applies only when the owner's negligent activity occurs "on the premises at the time the claimant is injured." 531 S.W.3d at 382. As support, the court relied on our statements in *Abutahoun* that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury," 463 S.W.3d at 50 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776

---

[2] Chapter 95 defines a "property owner" as a "person or entity that owns real property primarily used for commercial or business purposes." TEX. CIV. PRAC. & REM CODE § 95.001(3).

4

(Tex. 2010)), and that "Chapter 95 applies to an independent contractor's claims for damages caused by the contemporaneous negligent acts of a property owner," *id.* at 52. Reasoning that Cuevas's negligent-hiring claim arises not from "contemporaneous acts occurring on the premises, but rather [from] acts that occurred prior to the injury"—when Endeavor hired Big Dog to work on the property—the court concluded that chapter 95 does not apply. 531 S.W.3d at 382.

## B. Negligent hiring

*Abutahoun*, however, did not involve a negligent-hiring claim. Although we "have not ruled definitively on the existence, elements, and scope" of a negligent-hiring claim, *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010), we have recognized that it is "factually similar" to a claim for negligent entrustment, *Wansey v. Hole*, 379 S.W.3d 246, 248 (Tex. 2012) (per curiam). And we have explained that a negligent-entrustment claim requires separate negligent acts by two parties: the owner's negligence in entrusting property to another, and the entrustee's negligence in using that property. *4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 909 (Tex. 2016). The plaintiff must prove not only that the entrustee's negligence proximately caused the harm, *id.*, but also that "the risk that caused the entrustment or hiring to be negligent also proximately caused the plaintiff's injuries," *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010).

In the same way, a negligent-hiring claim requires negligence by two separate parties: the employer's negligence in hiring the employee and the employee's subsequent negligent act or omission. Both negligent acts must proximately cause the injury. *Wansey*, 379 S.W.3d at 247; *Hughes*, 306 S.W.3d at 240–41; *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006).

5

Here, Cuevas's negligent-hiring claim depends on two negligent acts: (1) Endeavor's negligence in hiring Big Dog and (2) Big Dog's negligence in using the oil well on Endeavor's property.

Our statements in *Abutahoun* regarding the property owner's "contemporaneous acts" on the property do not apply to both negligent acts in a negligent-hiring claim. The claim in *Abutahoun* depended on proof of only one party's negligence, not on the combined negligence of two parties. When a claim depends on only one party's negligence, the claim "arise[s] from" the one negligent act. And as we noted in *Abutahoun*, the claim "arise[s] from the . . . use of an improvement to real property" if the one negligent act occurs contemporaneously with the use of the improvement to real property. *See Abutahoun*, 463 S.W.3d at 50. But when the claim requires proof of two separate negligent acts, the claim "arises from" (that is, is caused by) the combination of both negligent acts. The statute's plain language requires only that the claim arise from the use of an improvement to the property, not that the property owner's negligence involve the use of the improvement, or that the use of the improvement be the *only* cause of the injury. *See* TEX. CIV. PRAC. & REM. CODE § 95.002(2). When one of the negligent acts involves the contemporaneous use of an improvement to real property, the claim arises from that act, regardless of when the other negligent act occurred or whether it involved the use of an improvement. Cuevas's negligent-hiring claim depends, in part, on proof that Big Dog's contemporaneous use of an improvement caused the injury. The claim therefore arises from the use of the improvement, and chapter 95 applies.

### C. Control and knowledge

Cuevas argues that our holding is incompatible with the statute's requirement that the property owner have actual knowledge of the danger or condition that causes the employee's injury. *See* TEX. CIV. PRAC. & REM. CODE § 95.003(2). According to Cuevas, chapter 95 will

6

always bar every negligent-hiring claim because the property owner could never have actual knowledge of the risk that ultimately causes the employee's injury when the property owner negligently hires the contractor long before the injury occurs. Nothing in the statute, however, requires that the property owner have actual knowledge of the risk at the time of the owner's negligent act.

When chapter 95 applies to a negligent-hiring claim, the employee can recover if the property owner exercised or retained some control over the manner in which the work was performed on the "improvement to real property" and had actual knowledge of the danger or condition that ultimately results in the injury. *Id.* § 95.003. So when the property owner negligently hires a contractor and the contractor later negligently creates a risk through work over which the property owner retains some control, the plaintiff can recover for negligent hiring if the property owner has actual knowledge of that risk.

### D. Summary-judgment grounds

Finally, we address Cuevas's argument that the trial court erred in granting summary judgment on the negligent-hiring claim because Endeavor neither amended nor supplemented its summary-judgment motion to address that claim. A trial court errs in granting summary judgment on a cause of action not expressly presented by written motion, but the error is harmless[3] when the motion asserts grounds that bar the omitted cause of action as a matter of law. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011) (per curiam). Here, Endeavor sought summary judgment under chapter 95, arguing Cuevas could not show that Endeavor had actual knowledge

---

[3] An error is harmless unless it "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1.

of the risk. The court of appeals held that the trial court erred by granting summary judgment on the negligent-hiring claim because "Endeavor's grounds for summary judgment did not extend to" that claim. 531 S.W.3d at 382. Because we now hold that chapter 95 applies, the ground on which Endeavor sought summary judgment applies equally to the negligent-hiring claim, so the trial court's error in granting summary judgment on that claim was harmless.

### III.
### Conclusion

We conclude that Cuevas's negligent-hiring claim "arises from the condition or use of an improvement to real property" and thus chapter 95 applies. Because Endeavor sought summary judgment on the ground that Cuevas cannot show that Endeavor had actual knowledge of the danger or condition that caused Angel's death, and that same ground bars the negligent-hiring claim as a matter of law, the trial court's error in granting summary judgment on that claim was harmless. We therefore reverse the court of appeals' judgment in part and render judgment dismissing the negligent-hiring claim.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: May 3, 2019

8